KELLEHER v KUCHTA

Docket No. 71031. Submitted November 16, 1983, at Lansing.—Decided October 1, 1984.

Michael Kelleher and his wife, Lindsay Kelleher, individually and as next friend of their minor children, Matthew and Amy Kelleher, filed suit against Bradley T. Kuchta and Ford Motor Company in Livingston Circuit Court seeking damages for injuries suffered in a collision between a vehicle in which the Kellehers were riding and a vehicle owned by Ford Motor Company and operated by Kuchta at the time of the accident. Plaintiffs alleged that all of the parties making claims suffered serious impairment of body function as a result of the injuries suffered in the accident. Mt. Brighton, Inc., was added as a party defendant for allegedly selling intoxicating liquor to Kuchta while he was visibly intoxicated. Defendants Kuchta and Ford Motor Company filed a motion for partial summary judgment as to the claims against them by Michael, Matthew and Amy Kelleher. The court, Bert M. Hensick, J., granted summary judgment dismissing the claim of Matthew Kelleher as to those defendants. Plaintiffs appeal. Held:

The trial court's ruling that, as a matter of law, Matthew Kelleher had not sustained injuries which constituted a serious impairment of a body function was not clearly erroneous.

Affirmed.

M. J. KELLY, J., concurred in the result reached by the majority but would apply in no-fault cases alleging serious impairment of body function and seeking noneconomic tort liability a standard of review that would require both trial and appellate courts to view the undisputed facts in a light most favorable to the injured party and determine whether reasonable minds could differ on whether the impairment suffered is

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error § 843.
7 Am Jur 2d, Automobile Insurance §§ 349, 358.
What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damage outside of no-fault insurance coverage. 33 ALR4th 767.
[2] 5 Am Jur 2d, Appeal and Error § 885.

serious before ruling as a matter of law whether a serious impairment of body function exists. He would hold that, applying this standard of review, reasonable minds could not differ on whether Matthew Kelleher's injuries constitute serious impairment of a body function and that the trial court correctly granted summary judgment as to Matthew Kelleher's claim.

### Opinion of the Court

1. Insurance — No-Fault Insurance — Serious Impairment of Body Function — Appeal.

    The Court of Appeals should affirm a trial court's ruling, as a matter of law, that a plaintiff's injuries do not constitute a serious impairment of body function for purposes of noneconomic tort recovery under the no-fault act unless the ruling is clearly erroneous (MCL 500.3135; MSA 24.13135).

### Concurrence by M. J. Kelly, J.

2. Insurance — No-Fault Insurance — Serious Impairment of Body Function — Appeal — Standard of Review.

    *A trial court, in deciding whether, as a matter of law, injuries suffered by a party constitute a serious impairment of body function for purposes of noneconomic tort recovery under the no-fault act, should view the undisputed facts in a light most favorable to the injured plaintiff and determine whether reasonable minds could differ on whether the impairment suffered is serious; this is also the standard of review which should be applied by the Court of Appeals when reviewing the decision of the trial court (MCL 500.3135; MSA 24.13135).*

*Kenneth E. Burchfield,* for plaintiff.

*Ogne, Jinks, Ecclestone & Alberts, P.C.* (by *Dennis Alberts),* for defendants.

Before: V. J. Brennan, P.J., and M. J. Kelly and G. R. Cook,* JJ.

Per Curiam. Plaintiffs appeal from an order of partial summary judgment entered in the Livingston County Circuit Court. The trial court determined that, as a matter of law, Matthew Kelleher

---

* Circuit judge, sitting on the Court of Appeals by assignment.

had not sustained injuries which constituted a serious impairment of a body function. This case arises as a result of the Supreme Court's ruling in *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982), that where there exists no factual dispute regarding the nature and extent of a plaintiff's injuries, the trial court shall rule as a matter of law whether there has been a "serious impairment of body function". MCL 500.3135; MSA 24.13135.

The facts of this case are not in dispute. At the time of the accident, Matthew was a normal seven-year-old child. He did suffer, however, from a mild problem with stuttering and was seeing a speech therapist at his elementary school for some 20 to 30 minutes each week. After the accident, the stuttering became more acute and required more intensive therapy. At oral argument, it was conceded that Matthew is making good progress with his speech problem and that his prognosis is excellent.

Unless this Court is going to end up simply "second guessing" the trial courts in these *Cassidy* cases, we must adopt some standard for appellate review which accords some deference to the trial judge who actually saw the evidence unfold, at least until our Supreme Court provides us with more definitive guidance. We believe that an appropriate standard is that unless the trial court's ruling was clearly erroneous we should affirm the findings of the trial court. In this case, we do not find that the trial court's ruling was clearly erroneous.

Affirmed.

M. J. KELLY, J. *(concurring).* I concur in the result reached by the majority but am not completely satisfied that the "clearly erroneous" standard of review is appropriate in serious impair-

ment cases decided by this Court following the Supreme Court's decision in *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982). The clearly erroneous standard has traditionally been applied to appellate review of the trial court's findings of fact. *Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976);[1] *Precopio v Detroit,* 415 Mich 457; 330 NW2d 802 (1982). It is inapplicable to appellate review of issues of law. *Detroit Power Screwdriver v Ladney,* 25 Mich App 478, 483-484, fn 3; 181 NW2d 828 (1970); *People v Green,* 113 Mich App 699, 706; 318 NW2d 547 (1982). As stated by the majority, *Cassidy* requires the trial courts to decide as threshold questions of law whether there has been serious impairment of a body function.

Other panels of this Court have recently considered post-*Cassidy* serious impairment cases. In *Braden v Lee,* 133 Mich App 215; 348 NW2d 63 (1984), and in *McDonald v Oberlin,* 127 Mich App 73; 338 NW2d 725 (1983), this Court, affirming grants of summary judgment, simply determined "as a matter of law" that the plaintiffs' injuries failed to meet the minimum threshold requirements for recovery.[2]

[1] In *Tuttle,* the Michigan Supreme Court imported the clearly erroneous standard from the United States Supreme Court language in *United States v United States Gypsum Co,* 333 US 364, 395; 68 S Ct 525, 542; 92 L Ed 746, 766 (1948).

[2] In *Williams v Payne,* 131 Mich App 403, 412; 346 NW2d 564 (1984), another panel of this Court distinguished permanent and serious disfigurement cases from serious impairment of body function cases, observing that in serious impairment cases this Court is in as good a position as the trial court to judge verbal descriptions of an impairment. In "disfigurement cases based on physical observation, however, the appellate courts must grant great deference to the observations of the trial court on what is, in effect, a factual conclusion about the severity of an injury". The *Williams* Court cited GCR 1963, 517.1 and held that the trial court is "to make adequate findings on the record * * * [to] describe the injuries and [to] reach a legal conclusion on whether they meet the threshold". 131 Mich App 412. It concluded by applying an abuse of discretion standard of

I believe that this Court must articulate some practicable standard of review for what will inevitably become a common issue on appeal in no-fault cases. It is my opinion that the majority's reliance on "clearly erroneous" is misplaced inasmuch as that standard is reserved for the review of questions of fact. Saying that we review "as a matter of law" provides little guidance to trial courts now required to implement the *Cassidy* rule. I opt for a standard that would require both trial and appellate courts to view the undisputed facts in a light most favorable to the injured plaintiff and determine whether reasonable minds could differ on whether the impairment suffered is serious. This approach was taken by several panels of this Court in reviewing, as issues of law, serious impairment questions prior to the release of the *Cassidy* decision. See *Abraham v Jackson,* 102 Mich App 567; 302 NW2d 235 (1980), *lv den* 413 Mich 905 (1982); *Brooks v Reed,* 93 Mich App 166; 286 NW2d 81 (1979), *lv den* 411 Mich 862 (1981); *Harris v Mc-Vickers,* 88 Mich App 508; 276 NW2d 629 (1979), *lv den* 406 Mich 929 (1979); *Vitale v Danylak,* 74 Mich App 615; 254 NW2d 593 (1977), *lv den* 403 Mich 848 (1978). This is also the standard applied in reviewing motions for summary judgment under GCR 1963, 117.2(3) and it is by way of review of decisions on such motions that we will generally be presented with serious impairment questions.

Applying the above standard to the facts of the instant case, I would hold that reasonable minds could not differ on whether Matthew Kelleher's

review to permanent serious disfigurement cases. It is my opinion that the *Williams* Court erred in its reasoning. While it held that this Court should defer to the trial court's judgment in permanent serious disfigurement cases due to its position to observe and judge the particular disfigurement and while it cited GCR 1963, 517.1, it nevertheless applied an abuse of discretion standard, not the clearly erroneous standard set forth in GCR 1963, 517.1.

injuries constitute serious impairment of a body function. Thus, I would likewise affirm the trial court's order of summary judgment.