KUCERA v NORTON

Docket No. 73192. Submitted June 6, 1984, at Grand Rapids.—Decided October 10, 1984.

Plaintiff, Frederick Kucera, was injured when his automobile was rear-ended by a vehicle driven by defendant, Mark R. Norton. Plaintiff brought an action against defendant in the Grand Traverse Circuit Court. Plaintiff complained of some soreness in his back at the scene and later that evening he visited a medical center because the pain had increased. At the center he was x-rayed and given a muscle relaxer for the pain. Thereafter, he spent the weekend resting and returned to work on Monday. At the time of trial, plaintiff was still working but he had an assistant helping him with lifting things. He was treated by Jeff Thomas, a chiropractor, on the average of once every two weeks. He had lost only three days of work because of the injury. He missed a total of 16 hours for chiropractic appointments. Finally, he had been provided a helper for the heavy lifting in his work, yet his wages had not been diminished. After a jury returned a verdict for plaintiff, defendant was granted a judgment notwithstanding the verdict, Charles M. Forster, J. Plaintiff appealed. *Held:*

Whether an injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic loss is a question of statutory construction to be decided by the trial court. Where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination, the judge must decide as a matter of law whether the plaintiff has suffered a serious impairment of body function. Three criteria must be met to constitute serious impairment of body function: (1) the body function which is impaired must be an important body function; (2) the impairment must be serious; and (3) the injuries must be objectively manifested. Plaintiff's

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance § 349.
What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

injury does not reach the level of serious impairment of body function as that phrase has been defined under the second criterion.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION.

Whether an injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic loss is a question of statutory construction to be decided by the trial court; where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination, the court must decide as a matter of law whether the plaintiff has suffered a serious impairment of body function.

2. INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION.

Whether an injury results in a serious impairment of body function, for purposes of the no-fault act, must be decided on a case-by-case basis, and in order to be considered a serious impairment of body function the impairment must be serious and of an important body function and the injuries must be objectively manifested.

*Clancey & Price, P.C.* (by *Philip A. Clancey),* for plaintiff.

*Coulter, Cunningham, Davison & Read* (by *Douglas J. Read),* for defendant.

Before: J. H. GILLIS, P.J., and M. J. KELLY and C. H. MULLEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment notwithstanding the verdict entered in favor of defendant. The jury verdict had awarded plaintiff $10,000 in damages. We affirm.

Plaintiff's vehicle was stopped in preparation for a left turn when it was rear-ended by defendant's vehicle. Plaintiff complained of some soreness in his back at the scene and later that evening he

* Circuit judge, sitting on the Court of Appeals by assignment.

visited Munson Medical Center because the pain had increased. At the center he was x-rayed and given a muscle relaxer for the pain. Thereafter, he spent the weekend resting and returned to work on Monday.

At the time of trial, plaintiff was still working, but he had an assistant helping him with lifting things. Since November of 1980, plaintiff was treated by Jeff Thomas, a chiropractor, on the average of once every two weeks.

The issue on appeal is whether the trial court erred when granting defendant's judgment n.o.v. in finding that plaintiff had not suffered a serious impairment of body function as a matter of law.

*Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982), *reh den* 417 Mich 1104 (1983), sets out the basic law in this area:

"[W]hen there is no factual dispute regarding the nature and extent of a plaintiff's injuries, the question of serious impairment of body function shall be decided as a matter of law by the court. Likewise, if there is a factual dispute as to the nature and extent of a plaintiff's injuries, but the dispute is not material to the determination whether palintiff has suffered a serious impairment of body function, the court shall rule as a matter of law whether the threshold requirement of [the no-fault act] has been met." *Id.,* p 502.

The Supreme Court indicated that "serious impairment of body function" would have to be defined on a case-by-case basis. *Id.,* p 503. The Court also pointed out, however, that "serious impairment" should be grouped with such noneconomic losses as "death" and "permanent serious disfigurement" in the statute and thus should be given similar weight. *Id.,* p 503.

In interpreting *Cassidy,* this Court set out three criteria which must be met to constitute serious impairment of body function:

1. The body function which is impaired must be an important body function.

2. The impairment must be serious.

3. The injuries must be objectively manifested. *Williams v Payne,* 131 Mich App 403; 346 NW2d 564 (1984).

In the instant case, the body function impaired is the use of the back in lifting. This may indeed be an important body function, so the first criterion is satisfied.

Secondly, the impairment must be serious. Plaintiff has lost only three days of work because of the injury. Further, he missed a total of 16 hours for chiropractic appointments. Finally, he has been provided a helper for the heavy lifting in his work, yet his wages have not been diminished. In total, this is not an impairment upon his earning capabilities. In fact, three days and 16 hours of missed work in two and one-half years is quite an impressive attendance record.

As for his social activities, plaintiff claims that they have been reduced in that he no longer can ski, snowmobile, or hunt as he could before the injury. Although the injury may hinder his social activities, it cannot be considered to be on a par with death or serious permanent disfigurement as required in *Cassidy, supra,* p 503.

Accordingly, plaintiff's injury does not reach the level of serious impairment of body function as that phrase has been defined by this Court under the second criterion.

There is some dispute whether the injuries were objectively manifested; but, given the conclusion above, we need not address this question. Even if the injury was manifested objectively, which is clearly debatable, the second criterion still has not been met.

Affirmed.