## ROUTLEY v DAULT

Docket No. 70293. Submitted February 7, 1984, at Grand Rapids.—
Decided November 13, 1984. Leave to appeal applied for.

Plaintiff, Harley Routley, brought a negligence action in the
Muskegon Circuit Court alleging that he was injured on July
25, 1980, when the truck he was driving collided with a car
driven by defendant, Gregory R. Dault. The trial court, Ronald
H. Pannucci, J., granted the defendant's motion for summary
judgment finding that the plaintiff was unable to meet the
threshold injury requirement of the no-fault act for the recov-
ery of noneconomic loss. Plaintiff appeals from the final order
to that effect. *Held:*

1. There is no factual dispute regarding the extent of the
*plaintiff's injuries.*

2. The trial court did not err in finding as a matter of law
that plaintiff did not suffer serious impairment of body func-
tion.

3. The fact that plaintiff's previous employment involved
some heavy lifting does not change the intrinsic nature or
extent of the injury. The seriousness of the injury must be
determined by an objective evaluation of its effect on the
person's body functions and the ability to perform common day-
to-day activities, and not by extrinsic considerations such as the
nature of the person's employment.

4. If plaintiff suffers loss of income as a result of his injury
beyond the three-year period during which he is entitled to
work-loss benefits, he may maintain an action against the
tortfeasor for any economic loss extending beyond the three-
year period without proof of serious impairment.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1-6] 7 Am Jur 2d, Automobile Insurance §§ 349, 358.
What constitutes sufficiently serious personal injury, disability,
impairment, or the like to justify recovery of damages outside of
no-fault automobile insurance coverage. 33 ALR4th 767.

[5] 7 Am Jur 2d, Automobile Insurance § 361.

[6] 5 Am Jur 2d, Appeal and Error §§ 839 *et seq.*, 885.

75 Am Jur 2d, Trial § 347.

M. J. KELLY, P.J., dissented and would apply a different standard of review than the majority. He would view the evidence in a light most favorable to the injured plaintiff and determine whether reasonable minds can differ on whether the impairment suffered is serious. Applying that standard, he believes that reasonable minds may differ as to the seriousness of the impairment suffered by the plaintiff. He would hold that the trial court's grant of summary judgment was improper.

### OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — TORT LIABILITY — NONECONOMIC LOSS.

   A section of the no-fault automobile insurance act provides that a person remains subject to tort liability for noneconomic loss occasioned by his use, maintenance or operation of a motor vehicle only if the injured party has suffered death, serious impairment of body function or permanent serious disfigurement; the section applies only to objectively manifested injuries; recovery for pain and suffering is not predicated on serious pain and suffering, but on injuries that affect the functioning of the body (MCL 500.3135[1]; MSA 24.13135[1]).

2. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION.

   The question of whether an injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic loss must be decided as a matter of law by the trial court where there is no factual dispute regarding the nature and extent of the plaintiff's injuries (MCL 500.3135[1]; MSA 24.13135[1]).

3. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION.

   A serious impairment of body function under the no-fault act is to be measured by an objective standard which looks to the effect of an injury on a person's general ability to live a normal life; so viewed, an injury, to meet the threshold, must impair an important body function (MCL 500.3135[1]; MSA 24.13135[1]).

4. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION.

   The seriousness of a plaintiff's injury under the no-fault act must be determined by an objective evaluation of its effect on the person's body functions and the ability to perform common day-to-day activities, and not by extrinsic considerations such as the

nature of the person's employment (MCL 500.3135[1]; MSA 24.13135[1]).

5. INSURANCE — NO-FAULT INSURANCE — ECONOMIC LOSS — SERIOUS IMPAIRMENT OF BODY FUNCTION.

   A plaintiff who suffers loss of income as a result of his injury beyond the three-year period during which he is entitled to work-loss benefits may maintain an action against the tortfeasor for any economic loss extending beyond the three-year period without proof of serious impairment of body function (MCL 500.3135[2][c]; MSA 24.13135[2][c]).

DISSENT BY M. J. KELLY, P.J.

6. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION — APPEAL — STANDARD OF REVIEW.

   A trial court, in deciding whether, as a matter of law, injuries suffered by a party constitute a serious impairment of body function for purposes of noneconomic tort recovery under the no-fault act, should view the evidence in a light most favorable to the injured plaintiff and determine whether reasonable minds could differ on whether the impairment suffered is serious; this is also the standard of review which should be applied by the Court of Appeals when reviewing the decision of the trial court (MCL 500.3135[1]; MSA 24.13135[1]).

*Norman C. Halbower, P.C.* (by *Norman C. Halbower*), for plaintiff.

*Baxter & Hammond* (by *Stephen D. Turner* and *Phillip J. Nelson*), for defendant.

Before: M. J. KELLY, P.J., and R. M. MAHER and M. P. REILLY,* JJ.

PER CURIAM. Plaintiff brought this negligence action alleging that he was injured on June 25, 1980, when the truck he was driving collided with a car driven by defendant. The trial court granted defendant's motion for summary judgment finding that plaintiff was unable to meet the threshold injury requirement of the no-fault act, § 3135,

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 500.3135(1); MSA 24.13135(1). A final order was entered March 10, 1983. Plaintiff appeals as of right.

Under § 3135 of the no-fault act, a person remains subject to tort liability for noneconomic loss occasioned by his use, maintenance or operation of a motor vehicle only if the injured party has suffered death, serious impairment of body function or permanent serious disfigurement. In *Cassidy v McGovern,* 415 Mich 483, 502; 330 NW2d 22 (1982), the Court held that where there is no material factual dispute regarding the nature and extent of a plaintiff's injuries, the question of serious impairment of body function must be decided as a matter of law by the trial court.

Although the question must be decided on a case-by-case basis, a few standards have developed which will assist the courts. "Impairment of a body function" actually means impairment of an *important* body function. *Cassidy, supra,* p 504. By its own terms, the statute requires that any impairment be "serious". MCL 500.3135(1); MSA 24.13135(1), *Williams v Payne,* 131 Mich App 403; 346 NW2d 564 (1984). Section 3135 applies only to "objectively manifested injuries". Recovery for pain and suffering is not predicated on serious pain and suffering, but on injuries that affect the functioning of the body. *Cassidy, supra,* p 505; *Williams v Payne, supra.* When considering the seriousness of the injury, the court should be mindful of the other threshold requirements for recovery of noneconomic loss (*i.e.,* death and permanent serious disfigurement), and the legislative reasons for limiting the recovery for noneconomic losses, namely, to prevent overcompensation for minor injuries and to reduce litigation in automobile accident cases. *Cassidy, supra; Braden v Lee,* 133 Mich App 215; 348 NW2d 63 (1984). When

determining whether a certain injury meets the threshold requirement for recovery of noneconomic loss, the court should apply an objective standard and look to the effect of the injury on the individual's general ability to lead a normal life. *Braden v Lee, supra.*

In the present case there is no factual dispute regarding the extent of plaintiff's injuries. According to the deposition of Dr. Webb, plaintiff's treating physician and surgeon, plaintiff first sought medical attention on July 7, 1980, 12 days after the accident occurred. Plaintiff complained of pain in his left groin with some radiation of pain into the left thigh. Dr. Webb advised plaintiff to discontinue working pending further examination. Dr. Webb subsequently diagnosed the problem as an inguinal hernia on the left side. Surgery was performed on July 24, 1980, to repair the hernia, and plaintiff remained in the hospital until July 28, 1980.

Plaintiff subsequently began to experience pain in the groin area and a second operation was performed to remove scar tissue which had apparently resulted from the first surgery. Plaintiff was hospitalized a total of six days for the second operation and was discharged on April 7, 1981. Both operations were uneventful. Although plaintiff asserted that his inguinal pain recurred following the second surgery, Dr. Webb advised plaintiff on April 27, 1981, that he should try to return to his normal level of activity. Plaintiff is able to work but is not able to engage in employment involving the lifting of more than 30 or 40 pounds. It appears that plaintiff is by occupation a logger, which involves some heavy lifting.

We hold that the trial court did not err in finding as a matter of law that plaintiff did not suffer serious impairment of body function. From

the time of the accident until after recovery from the second operation the plaintiff was somewhat restricted in walking and lifting, but he was not incapacitated for an extended period of time, nor was he, in any significant manner, prohibited from engaging in his normal daily activities. After the second operation plaintiff was permitted, and indeed encouraged, by his doctor to return to employment which did not involve heavy lifting. Although plaintiff allegedly continues to experience some pain, he is not confined to bed and he is able to perform normal body functions, and to engage in normal day-to-day activities. There is nothing to indicate that plaintiff is incapacitated or that his discomfort interferes with his normal life style. See *McDonald v Oberlin,* 127 Mich App 73, 76; 338 NW2d 725 (1983); *Braden v Lee, supra.* The fact that plaintiff's previous employment involved some heavy lifting does not change the intrinsic nature or extent of the injury. The seriousness of the injury must be determined by an objective evaluation of its effect on the person's body functions and the ability to perform common day-to-day activities, and not by extrinsic considerations such as the nature of the person's employment.

We note that plaintiff is not without a remedy. If he suffers loss of income as a result of his injury beyond the three-year period during which he is entitled to work-loss benefits, he may maintain an action against the tortfeasor for any economic loss extending beyond the three-year period without proof of serious impairment. MCL 500.3135(2)(c); MSA 24.13135(2)(c).

The decision of the trial court is affirmed.

M. J. KELLY, P.J. *(dissenting).* I respectfully dissent. The majority simply holds that the trial court "did not err in finding as a matter of law

that plaintiff did not suffer serious impairment of body function". I believe that a more workable standard for resolving serious impairment cases is to view the evidence in a light most favorable to the injured and determine whether reasonable minds can differ on whether the impairment suffered is serious. My reasons for adopting this standard are set forth in my concurring opinion in *Kelleher v Kuchta,* 138 Mich App 45; 359 NW2d 224 (1984).

In applying this standard to the instant case, I believe that reasonable minds may differ as to the seriousness of the impairment suffered by plaintiff. There is evidence that plaintiff's inguinal hernia is related to the accident and that plaintiff still experiences chronic pain from the complications of two hernia operations. Reasonable minds may differ on whether plaintiff's injury restricts normal body functions such as walking and lifting. While plaintiff's physician testified by deposition that plaintiff was instructed to return gradually to a normal level of activity, it is not clear that plaintiff has been successful in accomplishing this goal. I would hold that the trial court's grant of summary judgment was improper.