WALKER v CALDWELL

Docket No. 80687. Submitted November 19, 1985, at Detroit.—Decided
    February 4, 1986. Leave to appeal applied for.

    Allison Walker, a minor, was injured while she was a passenger
    in an automobile driven by Derrick Caldwell when the automo-
    bile left the roadway and struck a tree. Her most serious injury
    was a minimal compression fracture of the L3 vertebra. As a
    result she is unable to lift as much weight as before and suffers
    occasional discomfort in her lower back. Allison, by her next
    friend Horace Walker, and Horace and Georgia Walker
    brought an action against Derrick Caldwell and Ollie Caldwell,
    the owner of the vehicle, seeking noneconomic damages for
    Allison's injuries. The Wayne Circuit Court, Donald L. Hobson,
    J., granted defendants' motion for summary judgment, holding
    that Allison's injuries did not constitute a serious impairment
    of body function. Plaintiffs appealed. *Held:*

        1. There was no material factual dispute regarding the
    nature and extent of plaintiff Allison's injuries. Therefore, the
    determination of whether she suffered a serious impairment of
    body function was a question of law and was properly disposed
    of on a motion for summary judgment.

        2. Review by the Court of Appeals is based on the standard of
    "clearly erroneous". The trial court did not clearly err in
    determining that Allison had not suffered a serious impairment
    of body function. There was no evidence that the injury signifi-
    cantly affected her ability to lead a normal life.

        Affirmed.

1. NEGLIGENCE — NO-FAULT ACT — SERIOUS IMPAIRMENT OF BODY
        FUNCTION — SUMMARY JUDGMENT.

    The question of serious impairment of body function must be
    decided as a matter of law where there is no material factual
    dispute regarding the nature and extent of a plaintiff's injuries
    or where, even if there is such a factual dispute, the dispute is

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*
Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.

not material to the determination of whether the plaintiff has suffered a serious impairment of body function; in such a case the issue may properly be disposed of on a motion for summary judgment (MCL 500.3135; MSA 24.13135; GCR 1963, 117.2[3]; MCR 2.116[C][10]).

2. Appeal — No-Fault Act — Serious Impairment of Body Function.

A trial court's ruling on whether a plaintiff's injury is or is not a serious impairment of a body function as a matter of law is reviewed by the Court of Appeals using the standard of whether the determination was "clearly erroneous".

3. Negligence — No-Fault Act — Serious Impairment of Body Function.

The question of serious impairment of body function is decided on a case-by-case basis; in order to meet the threshold requirement, an injury must impair an important body function, must be serious, and must be objectively manifested; pain and suffering alone is not sufficient; central to the determination is the question of how the injury has affected the plaintiff's ability to lead a normal life.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Jeffrey N. Shillman*), for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Deanna E. Hazen* and *William D. Shailor*), for defendants.

Before: Wahls, P.J., and R. B. Burns and M. E. Dodge,* JJ.

Per Curiam. Plaintiffs, Allison Walker, Horace Walker and Georgia Walker, commenced this action against defendants, Derrick Caldwell and Ollie Caldwell, to recover noneconomic damages sustained by Allison Walker as a result of an automobile accident pursuant to MCL 500.3135; MSA 24.13135. The action was dismissed by the Wayne County Circuit Court on defendant's motion for

* Circuit judge, sitting on the Court of Appeals by assignment.

summary judgment. Plaintiffs appeal and we affirm.

The facts of this case are not in dispute. Plaintiff Allison Walker was involved in an automobile accident that occurred on Belle Isle on May 27, 1982, at the intersection of Lakeside Drive and Central. Plaintiff Allison Walker is a 15-year-old girl who was a passenger in an automobile driven by defendant Derrick Caldwell, age 16, when the vehicle left the road and struck a tree. Defendant Ollie Caldwell is the owner of the vehicle. Allison was rendered unconscious by the collision and transported to Detroit Receiving Hospital. Upon regaining consciousness at the hospital she stated that she was having pain in her lower back, shoulder, left knee and ribs. A physical examination revealed multiple contusions and abrasions, and x-rays disclosed a compression fracture of the L3 vertebra. Plaintiff was discharged the following day.

In his deposition, Dr. Simaika stated that Allison had suffered a minimal compression fracture involving the entire vertebral body. He explained that a minimal compression fracture occurs when the vertebral body is sandwiched together, but it doesn't lose too much of its height. He stated that such a minimal compression really has no significance. However, Dr. Simaika indicated that Allison would probably have some back discomfort for the rest of her life when she bends over to pick something up and that the discomfort will vary with the temperature and humidity. He further indicated that she would be prematurely susceptible to arthritis in the fractured area, and that Allison's future pain will be treated with analgesics and she is to avoid strenuous activity involving bending over. Also, she shouldn't lift weights over 20 pounds.

Allison testified that the only thing she can't do is lift certain things. She takes "Tylenol 4" when she gets a cramp-like pain in her lower back. She also contended that she can no longer regularly participate in softball games, as she once did.

Defendants filed a motion for summary judgment, alleging that Allison's injury did not constitute a serious impairment of body function as a matter of law. Judge Sullivan ruled that plaintiffs failed to meet the threshold requirement of "serious impairment of body function" under § 3135 of the no-fault act and granted defendants' motion.

In the instant case, plaintiffs' claim for noneconomic damages arising out of the automobile accident is based on MCL 500.3135(1); MSA 24.13135(1), which provides in pertinent part as follows:

"A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement."

Here, plaintiff Allison alleges that she suffered serious impairment of a body function as a result of the accident. In *Cassidy v McGovern,* 415 Mich 483, 502; 330 NW2d 22 (1982), our Supreme Court held that where there is no material factual dispute regarding the nature and extent of a plaintiff's injuries, the question of serious impairment of body function must be decided as a matter of law, thereby making it a proper issue for disposition on a motion for summary judgment. GCR 1963, 117.2(3), now MCR 2.116(C)(10). Likewise, even if there is a factual dispute as to the nature and extent of a plaintiff's injuries, but the dispute is not material to the determination of whether

the plaintiff has suffered a serious impairment of body function, the court shall rule as a matter of law whether the threshold requirement of § 3135 of the no-fault act has been met. *Cassidy, supra,* p 502.

In the case at bar, there is no material factual dispute regarding the nature and extent of plaintiff Allison's injuries. Defendants do not dispute the medical evidence or testimony, nor do they dispute Allison's future prognosis. Therefore, whether Allison suffered a serious impairment of a body function was properly presented for disposition on defendants' motion for summary judgment. *Id.*

A trial judge's ruling on the serious impairment question is reviewed by this Court on a clearly erroneous standard. *Kelleher v Kuchta,* 138 Mich App 45; 359 NW2d 224 (1984). There, the Court stated the following:

"Unless this Court is going to end up simply 'second guessing' the trial courts in these *Cassidy* cases, we must adopt some standard for appellate review which accords some deference to the trial judge who actually saw the evidence unfold, at least until our Supreme Court provides us with more definitive guidance. We believe that an appropriate standard is that unless the trial court's ruling was clearly erroneous we should affirm the findings of the trial court." 138 Mich App 47.

The question of serious impairment of body function is decided on a case-by-case basis. *Routley v Dault,* 140 Mich App 190, 193; 363 NW2d 450 (1984). Although no clear lines have been drawn in finding "serious impairment of a body function", a few standards have evolved that assist the courts in making that determination. First, impairment of a body function actually means impairment of an important body function; second, the impair-

ment must be serious; and third, the injuries must be objectively manifested. *Williams v Payne,* 131 Mich App 403, 409; 346 NW2d 564 (1984). Recovery cannot be predicated on pain and suffering alone, but only on injuries that affect the functioning of the body. *Cassidy, supra,* p 505. "Serious impairment of body function" claims should be grouped with such noneconomic losses as "death" and "permanent serious disfigurement". *Kucera v Norton,* 140 Mich App 156, 158; 363 NW2d 11 (1984).

Central to the determination of whether an injury has affected an important body function or whether it is serious is how that injury has affected the plaintiff's ability to lead a normal life. In *Routley, supra,* this Court stated:

"The seriousness of the injury must be determined by an objective evaluation of its effect on the person's body functions and the ability to perform common day-to-day activities, and not by extrinsic considerations such as the nature of the person's employment." 140 Mich App 195.

In the instant case, the plaintiff's injuries do not meet the "serious impairment of body function" threshold. Plaintiff Allison suffered a minimal compression fracture of the L3 vertebra. As a result, she had to wear a lumbosacral corset and take pain medication for a short period of time. The only permanent effects resulting from her injury are that she cannot bend and lift as she once used to and she may have to take pain medication from time to time to alleviate discomfort in her lower back. There is no evidence that Allison's ability to lead a normal life has been significantly affected.

The trial court did not err in determining that plaintiff Allison had not suffered a serious impairment of body function under the no-fault act.

Affirmed.