ULERY v COY

Docket No. 88870. Submitted June 11, 1986, at Grand Rapids. Decided
     July 22, 1986. Leave to appeal applied for.

Plaintiff, Charlene C. Ulery, individually and as next friend of
     Heather L. Ulery, a minor, filed suit in the Calhoun Circuit
     Court against defendant, Franklin L. Coy. Plaintiff alleged that
     she suffered a serious impairment of body function, i.e., use of
     her left shoulder, as a result of injuries she sustained in an
     automobile accident involving defendant. The trial court, Paul
     Nicolich, J., granted summary disposition in favor of defendant
     only as to plaintiff's claim for noneconomic losses under the no-
     fault act, ruling that plaintiff's injuries did not meet the
     threshold for serious impairment of body function. Plaintiff, in
     her individual capacity only, appealed as of right from the trial
     court's certified final order dismissing her claim for noneco-
     nomic losses. *Held:*

     1. Plaintiff's injuries consisting of a bump on her collarbone,
     chronic grade two acromioclavicular separation of the left
     shoulder, and an atrophied drooping shoulder, and her allega-
     tions of lack of strength in her arm, limitation of movement,
     lack of ability to grip with her hand, and inability to return to
     work as a waitress, did not establish a serious impairment of
     body function under the no-fault act.

     2. Plaintiff's claim that the trial court erred in dismissing her
     claim for lost wages not covered by the no-fault act was not
     encompassed by the certified final order from which plaintiff
     appealed. The Court of Appeals therefore did not address that
     issue for lack of subject-matter jurisdiction.

     Affirmed. Costs to defendant.

REFERENCES

Am Jur 2d, Appeal and Error §§ 657-667.
Am Jur 2d, Automobile Insurance §§ 340 *et seq.*
What constitutes sufficiently serious personal injury, disability,
     impairment, or the like to justify recovery of damages outside of
     no-fault automobile insurance coverage. 33 ALR4th 767.
See also the annotations in the ALR3d/4th Quick Index under
     Appeal and Error; Rules of Court.

1. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF
    BODY FUNCTION.

    A serious impairment of body function under the no-fault act is
    to be measured by an objective standard which looks to the
    effect of an injury on a person's general ability to live a normal
    life; so viewed, an injury, to meet the threshold, must be
    objectively manifested and must impair an important body
    function (MCL 500.3135[1]; MSA 24.13135[1]).

2. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF
    BODY FUNCTION.

    The seriousness of a plaintiff's injury under the no-fault act must
    be determined by an objective evaluation of its effect on the
    person's body functions and the ability to perform common day-
    to-day activities, and not by extrinsic considerations such as the
    nature of the person's employment (MCL 500.3135[1]; MSA
    24.13135[1]).

3. APPEAL — COURT OF APPEALS — COURT RULES.

    The Court of Appeals, in an appeal as of right from a trial court's
    certified final order on less than all the claims of all the
    parties, only has jurisdiction to entertain appeals as of right
    from such certified final order and lacks subject-matter jurisdic-
    tion to consider any other order in the case or issues not
    related to the claims or issues disposed of in the final order
    (MCR 2.604[A], 7.203[A], 7.203[B]).

*James E. Gould, P.C.* (by *James E. Gould*), for
plaintiff.

*Allen & Letzring* (by *Daniel E. Brophy*), for
defendant.

Before: R. B. BURNS, P.J., and GRIBBS and R. I.
COOPER,* JJ.

PER CURIAM. This appeal arises out of a 1981
automobile accident in which defendant allegedly
failed to heed a stop sign. Plaintiffs complained of
various maladies arising from the accident. Follow-
ing discovery, defendant moved for summary dis-
position under MCR 2.116(C)(8) and (10). The trial

* Circuit judge, sitting on the Court of Appeals by assignment.

court granted the motion with respect to plaintiffs' noneconomic injuries, concluding that there was no serious impairment of body function. Plaintiff Charlene Ulery, in her individual capacity only, now appeals and we affirm.

To recover, Ulery must establish that she has suffered a serious impairment of an important body function and that her injuries were objectively manifested. *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982); *Routley v Dault,* 140 Mich App 190; 363 NW2d 450 (1984), lv gtd 422 Mich 938 (1985); *Wolkow v Eubank,* 139 Mich App 1; 360 NW2d 320 (1984).

In this case, plaintiff was diagnosed as having an upward protrusion of the clavicle at the end near the shoulder joint[1] as well as a chronic grade two acromioclavicular separation of the left shoulder. Additionally, there is apparently a droop to her left shoulder, which is atrophied. Examining physicians have noted some limitation in her shoulder movement.

While we have little difficulty in agreeing with plaintiff that the shoulder and its use involves an important body function and that her injuries were objectively manifested by x-ray and palpation, we cannot agree with her that she has a serious impairment of that body function. Our review of the record reveals allegations that plaintiff lacks strength in her arm, some limitation of movement and some loss of her ability to grip with her hand. Plaintiff also has indicated to an examining psychologist, Dr. Van Ostenberg, that she avoids lifting at shoulder level, does not pick up groceries or her granddaughter, avoids opening car doors, does not sleep on her left shoulder, has her husband run the sweeper, and has difficulty giving

---

[1] That is, a bump on her clavicle, or collarbone.

her husband back rubs. Finally, the examining physician and psychologist both indicated that plaintiff cannot return to work as a waitress unless she successfully undergoes corrective surgery.

While it appears that plaintiff has suffered some adverse impact as a result of the accident, her injuries do not rise to the level of serious impairment of body function. As this Court recently stated in *Routley v Dault, supra,* p 195:

> Although plaintiff allegedly continues to experience some pain, he is not confined to bed and he is able to perform normal body functions, and to engage in normal day-to-day activities. There is nothing to indicate that plaintiff is incapacitated or that his discomfort interferes with his normal life style. See *McDonald v Oberlin,* 127 Mich App 73, 76; 338 NW2d 725 (1983); *Braden v Lee,* [133 Mich App 215; 348 NW2d 63 (1984)]. The fact that plaintiff's previous employment involved some heavy lifting does not change the intrinsic nature or extent of the injury. The seriousness of the injury must be determined by an objective evaluation of its effect on the person's body functions and the ability to perform common day-to-day activities, and not by extrinsic considerations such as the nature of the person's employment.

Similarly, in *Guerrero v Schoolmeester,* 135 Mich App 742, 751; 356 NW2d 251 (1984), lv den 422 Mich 881 (1985), we stated:

> While there is testimony that plaintiff experienced difficulties in her daily life, *i.e.,* dropping plates, inability to crochet, and difficulty in driving, we do not find that such difficulties interfered "in any significant manner" with plaintiff's normal life style, as required under this Court's opinion in *Braden.* Further, nothing in the record suggests that plaintiff is unable to engage in gainful employment in an area which does not require

lifting over the weight restrictions imposed by Dr. Campbell. Accordingly, we conclude that the trial court did not err in granting summary judgment for defendants.

In the case at bar, we do not believe that the record before us establishes that plaintiff's difficulties have interfered in a significant manner with her ability to lead a normal life style. Similarly, while plaintiff apparently cannot return to work as a waitress, there is no indication that she cannot obtain gainful employment in a less physically demanding position.[2]

We now turn to plaintiff's claim that the trial court erred in dismissing her claim for lost wages not covered by the no-fault act. See MCL 500.3135(2)(c); MSA 24.13135(2)(c). However, as pointed out by defendant, the trial court granted summary disposition with respect to noneconomic damages only. The order reads in part as follows:

> Now, THEREFORE IT IS ORDERED AND ADJUDGED that said motion for summary disposition is granted in favor of defendant Franklin Lee Coy and against plaintiffs Charlene C. Ulery and Heather Ulery and said plaintiffs' claims against said defendant *for all noneconomic loss damage* are hereby dismissed with prejudice.
>
> IT IS FURTHER ORDERED AND ADJUDGED that there is no just reason for delay and that this is a final order and judgment and may be so entered. [Emphasis added.]

As the trial court's order indicates, the summary disposition was a certified final order on less than all the claims of all the parties. MCR 2.604(A). The Court of Appeals only has jurisdiction to hear an

---

[2] Indeed, it appears that plaintiff could return to work as a waitress following surgery.

appeal as of right from a final order. MCR 7.203(A). Nonfinal orders can only be appealed by leave granted. MCR 7.203(B). Where an order has been certified by the trial court as a final order for purposes of appeal under MCR 2.604(A), this Court only has jurisdiction to entertain appeals as of right from that certified final order. This Court lacks subject-matter jurisdiction to consider any other order in the case or issues unrelated to the claims or issues disposed of in the final order.

In this case, plaintiff has taken an appeal as of right from the above-quoted certified final order. As noted above, that order only disposed of plaintiff's *noneconomic* claims. We, therefore, lack jurisdiction to consider plaintiff's economic claims.

Affirmed. Costs to defendant.