In re CONTEMPT OF JOHNSON

JOHNSON v SALEM TOWNSHIP

Docket No. 90015. Submitted March 18, 1987, at Lansing. Decided January 4, 1988.

In March, 1977, Frederick R. Johnson brought an action in Washtenaw Circuit Court against Salem Township, seeking to have the township zoning ordinance declared unconstitutional to the extent that it prohibited plaintiff from using a large building on his property for his manufacturing business. On August 9, 1979, the trial court, Edward D. Deake, J., issued a preliminary injunction, enjoining Johnson from remodeling the premises without first obtaining a building permit from the township or until further order of the court. In August, 1980, during the pendency of appellate review of the trial court's disposition of the underlying action, Johnson moved a mobile home onto the property and took up residence in that mobile home while he undertook the restoration of the farmhouse on the site. As a result of a petition by the township, Johnson was found in contempt of the August 9, 1979, order, was ordered to pay a $500 fine, and was ordered to remove the mobile home from the site within ten days of the court's order, which was dated May 21, 1982. In October, 1982, the court amended the May, 1982, order and permitted Johnson to continue to occupy the mobile home until February 2, 1983. In November, 1983, the township filed a petition to have Johnson held in contempt of the October, 1982, order, since the mobile home was still on the premises. The township then filed a petition seeking an order of contempt of the August, 1979, preliminary injunction on the basis that Johnson had undertaken the construction of a concrete block building on the site. In November, 1985, following evidentiary hearings, the trial court ordered the removal of the trailer within fifty-six days, imposed a $100-per-day fine payable to the township for every day Johnson was in default,

REFERENCES

Am Jur 2d, Appeal and Error §§ 168-170, 869.

Appealability of contempt adjudication or conviction. 33 ALR3d 448.

Contempt, §§ 98, 99, 105 et seq.

found that the concrete block building violated the August, 1979, preliminary injunction, and ordered Johnson to stop work on that building. Johnson appealed from that portion of the order dealing with the violation of the October 8, 1982, order concerning the mobile home.

The Court of Appeals *held:*

1. The Court of Appeals has jurisdiction only to consider the matters contained in the contempt order that is being appealed. The propriety of the determinations made by the trial court prior to issuing its October 8, 1982, order are not properly before the Court at this time, since no timely appeal was taken with respect to the substantive issues giving rise to that order.

2. The township, having brought the petition requesting an order of contempt, had the burden of showing that Johnson was in contempt of the order of the court. The record clearly establishes that defendant carried that burden.

3. The order of the court requiring the payment of $100 per day for each day Johnson was in default was error. The applicable statute permits imposition of a fine of not more than $250. The township ordinance provision providing for a fine of $500 for each violation of the ordinance and further providing that each day of noncompliance with the ordinance shall be another violation does not justify the fine imposed by the court, since Johnson was not charged with any offense under the ordinance but rather was found in contempt of the court's order.

Affirmed in part; reversed in part.

1. APPEAL — JURISDICTION — CONTEMPT.

   The Court of Appeals in an appeal of an order of contempt has jurisdiction to consider only the contempt order being appealed and lacks jurisdiction to review the propriety of any other orders entered by the trial court which were not separately appealed.

2. CONTEMPT — BURDEN OF PROOF — STANDARD OF PROOF.

   The burden of proof in a civil contempt proceeding for violation of an injunctive order rests on the party charging the violation; the standard of proof is higher in a contempt proceeding than in other civil proceedings.

3. CONTEMPT — MAXIMUM PENALTIES.

   Contempt, except where otherwise provided by law, is punishable by a fine of not more than $250 or imprisonment of not more than thirty days except where the commitment is for the omission to perform some act or duty which is still within the

power of the person to perform; the statute does not empower the court to impose a $250 fine for each day an injunctive order of the court is violated (MCL 600.1715[1]; MSA 27A.1715[1]).

*Conlin, Conlin, McKenney & Philbrick* (by *John W. Conlin*), for plaintiff.

*Dobson, Griffin, Austin & Berman, P.C.* (by *Margaret Schilt Austin*), for defendant.

Before: MacKenzie, P.J., and Beasley and E. A. Quinnell,* JJ.

Per Curiam. Frederick R. Johnson appeals as of right from an order finding him in contempt of court for violating an order of October 8, 1982, which enforced an August 9, 1979, injunction regarding construction on property owned by him in Salem Township. With modifications, we affirm the lower court.

Johnson owns a 7.8-acre parcel in Salem Township, Washtenaw County, Michigan. The property is zoned agricultural-residential. The property contains a farmhouse and another large building. In March, 1977, Johnson filed suit against Salem Township, asking that the township's zoning ordinance, which prohibited Johnson from using the large building for his manufacturing business, be declared unconstitutional, and further asking that enforcement of the ordinance be enjoined and that the township be required to rezone Johnson's property. Following a bench trial in 1979, a judgment was entered in favor of the township. Johnson appealed as of right to this Court, and we affirmed. Johnson applied for leave to appeal to the Michigan Supreme Court. Instead of granting leave, the Supreme Court remanded the case to the trial

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court for further findings of fact on two issues. 411 Mich 1001 (1981). The trial court again entered judgment in favor of the township in 1985, and Johnson appealed to this Court as of right. We again affirmed and the Supreme Court denied Johnson's application for leave to appeal.

A preliminary injunction was issued on August 9, 1979, that enjoined Johnson from "remodeling the premises . . . without first obtaining a building permit from Salem Township or until further order of the court." The purpose of the preliminary injunction was to maintain the status quo pending a final decision on the constitutionality of the zoning ordinance. At some point, Johnson began the process of remodeling the farmhouse. In August, 1980, when the renovation caused the house to be uninhabitable, Johnson moved into a mobile home located directly behind the farmhouse.

In July, 1981, following a hearing on the township's petition, Johnson was found in contempt of the August 9, 1979, preliminary injunction. He was fined $500 and ordered to remove the mobile home. By an order dated May 21, 1982, Johnson was ordered to pay the $500 fine, remove the mobile home within ten days, and pay an additional $500 in attorney fees.

The May 21, 1982, order was modified by an October 8, 1982, order. At that time, the court ruled that the mobile home could remain on Johnson's premises for a six-month period, pursuant to § 16.16 of the township's zoning ordinance. That provision allows temporary occupancy of a mobile home for a six-month period during construction of a new dwelling. The court had found that Johnson's renovation of the farmhouse was so extensive as to "approximate new construction." Johnson was thus allowed to occupy the mobile home until

February 2, 1983. Johnson appealed neither of these orders.

In November, 1983, the township filed a second petition, asking to have Johnson held in contempt for violation of the May 21, 1982, order, as modified by the October 8, 1982, order. Johnson had not yet finished the remodeling and the mobile home was still on the premises. The show cause hearing on that petition was adjourned until June, 1984. Meanwhile, the township filed a third petition asking that Johnson be held in contempt of the August 9, 1979, preliminary injunction because of his construction of a twenty-five-foot by forty-foot concrete block building near his house. The court issued a temporary restraining order and an order to show cause.

An evidentiary hearing on the petitions was held in August and November, 1985. An order issued November 22, 1985, ordering the removal of the mobile home from the premises within fifty-six days (January 17, 1986) and imposing a $100-per-day fine payable to the township for every day Johnson was in default. Further, the order stated that Johnson's construction of the concrete block building violated the August 9, 1979, preliminary injunction and ordered Johnson to stop work on the building immediately. Johnson appeals only that portion of the November 22, 1985, ruling that found him in contempt of the October 8, 1982, order, and does not appeal the finding that he violated the August 9, 1979, preliminary injunction.

On appeal, Johnson challenges the constitutionality of § 16.16 of the Salem Township zoning ordinance, which authorizes the six-month temporary occupancy permit for a mobile home if the property owner is building a new home. Johnson also alleges that under *Robinson Twp v Knoll,* 410

Mich 293; 302 NW2d 146 (1981), the exclusion of mobile homes from all areas in Salem Township other than mobile home parks is unconstitutional. Neither of these issues is properly before this Court and we decline to review them. In the October 22, 1982, order, the court found that Johnson's remodeling was so extensive that it approximated new construction and that, under § 16.16, Johnson could occupy the mobile home on his property for the following six months. Johnson never appealed that order. The order appealed from is that of November 22, 1985, in which Johnson was found in contempt. This Court does not have the subject matter jurisdiction to consider any other order in the case. See *Ulery v Coy,* 153 Mich App 551; 396 NW2d 480 (1986).

The first issue we consider is whether the circuit court erred in finding Johnson in contempt of its October 8, 1982, order. The burden of proving that the order was violated by Johnson was on Salem Township. *Detroit Bd of Ed v Detroit Federation of Teachers,* 55 Mich App 499, 505; 223 NW2d 23 (1974). The standard of proof is higher in a contempt proceeding than in other civil proceedings. *People v Matish,* 384 Mich 568, 572; 184 NW2d 915 (1971).

The facts of this case show that beginning February 3, 1983, Johnson was in violation of the order to remove the mobile home. Johnson never petitioned the court for an extension of time, but allowed the mobile home to remain on the premises. Furthermore, Johnson gained more time because Salem Township did not ask for enforcement of the order until November, 1983, and the show cause hearing on that petition was adjourned until June, 1984 and not actually heard until August and November, 1985.

Johnson argues that the stop-work orders issued

in 1984, and the temporary restraining order issued on May 1, 1984, prevented him from completing the house and that he therefore should not have been held in contempt. But, by April, 1984, Johnson had already been in violation of the October 22, 1982, order for over one year. Thus, this argument affords Johnson no relief and we find that the township carried its burden of proving that Johnson violated the October 22, 1982, order.

The other issue which we review in this case concerns the fine imposed by the court on Johnson for failure to remove the mobile home from his property. The statute governing fines for contempt of court is MCL 600.1715(1); MSA 27A.1715(1). Before being amended by 1983 PA 228, the statute read as follows:

> Punishments for contempt may be by fine, which shall in no case exceed the sum of $250.00, or by imprisonment, which except in those cases where the commitment is for the omission to perform an act or duty which is still within the power of the party to perform shall not exceed 30 days, or both, in the discretion of the court.

This Court in *Ann Arbor v Danish News Co,* 139 Mich App 218, 236; 361 NW2d 772 (1984), lv den 424 Mich 863 (1985), and *Catsman v Flint,* 18 Mich App 641, 649; 171 NW2d 684 (1969), held that § 1715 limits the amount of a fine imposable for a single finding of contempt to $250.

Section 1715 now provides:

> Except as otherwise provided by law, punishment for contempt may be a fine of not more than $250.00, or imprisonment which, except in those cases where the commitment is for the omission to perform an act or duty which is still within the power of the person to perform shall not exceed 30 days, or both, in the discretion of the court.

Salem Township argues that the new language is "less imperative" and should be construed to permit a court to impose a fine of up to $250 for each day that one of its orders is violated. We disagree. The statute clearly states that punishment for contempt "shall in no case exceed the sum of $250 . . . ." Although both *Catsman* and *Danish News Co* were decided under the former language of § 1715, we find that their holdings are still viable despite the amendment of the statute.

Salem Township also argues that *Catsman, supra,* recognized that a single fine might be ineffective and left open the possibility that a court could find a reiterated or continued contempt and impose the maximum statutory fine for each new contempt. However, in the present case, there has been no subsequent finding of a reiterated or continuing contempt. Finally, the township argues that the phrase "[e]xcept as otherwise provided by law" supports enforcement of the $100-per-day fine. The township bases its argument on § 23.09 of the Salem Township zoning ordinance which imposes either a $500 fine or imprisonment for ninety days or both for each conviction for violation of a provision of the ordinance. The section further provides that each day that a violation continues "shall be deemed a separate offense." We find a flaw with the township's argument. Johnson was not *convicted* of any offense, but rather was found in contempt of a court order. Moreover, the contempt proceedings were not criminal in nature, but were civil. The court was enforcing the October 22, 1984, order and attempting to change Johnson's conduct by threatening him with a penalty. Thus, § 23.09 of the Salem Township zoning ordinance does not support the fine imposed in this case.

In conclusion, we find that the lower court did

not err in finding Johnson in contempt of court. The $100-per-day fine, however, is in violation of MCL 600.1715(1); MSA 27A.1715(1), and that portion of the lower court's order is therefore reversed.