GERSTEN v BLACKWELL

Docket No. 49054. Submitted June 22, 1981, at Detroit.—Decided
November 17, 1981. Leave to appeal applied for.

Seymour and Beverly Gersten, Illinois residents who were respec-
tively the driver and an occupant of an automobile registered
in Illinois and insured by an insurer which had not filed a
certification allowing its insureds to be subject to the personal
and property protection insurance system set forth in the
Michigan no-fault automobile insurance act, were injured in an
automobile accident in the City of Detroit. Mitchell Blackwell,
the owner and operator of the other automobile involved in the
accident, was insured as required by the no-fault act. The
injuries suffered by the Gerstens did not constitute serious
impairment of a bodily function or permanent serious disfigure-
ment. The Gerstens filed suit in Wayne Circuit Court seeking
personal protection insurance benefits or a tort recovery
against Blackwell. The matter was sent to mediation and the
mediation board made a conditional award based on the appli-
cability of the no-fault act. The trial court held that plaintiffs'
action was barred under the provisions of the no-fault act,
Michael L. Stacey, J. Plaintiffs appeal. Held:

1. Defendant is relieved of all tort liability to plaintiffs by
virtue of having complied with the no-fault act.

2. Plaintiffs are not entitled to personal injury protection
benefits under the no-fault act. Nonresidents are not required
to purchase no-fault insurance if they operate their vehicles in

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance § 350.
What constitutes a "motor vehicle" covered under no fault insur-
ance. 60 ALR3d 651.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.
[2] 7 Am Jur 2d, Automobile Insurance §§ 25-27.
[3] 16 Am Jur 2d, Constitutional Law § 212.
73 Am Jur 2d, Statutes §§ 103, 123.
[4] 7 Am Jur 2d, Automobile Insurance § 23.
[5] 7 Am Jur 2d, Automobile Insurance §§ 35, 341, 353.
[6] 7 Am Jur 2d, Automobile Insurance §§ 24, 350.

this state for less than 30 days in any one year. The purchase of no-fault insurance by transient nonresident motorists is therefore on a voluntary basis. Disqualification from benefits for those who do not voluntarily comply with the no-fault act is not intended to be a penalty but is intended to prevent benefits provided by Michigan's scheme from going to someone who has not paid a premium for the same. The Legislature's method of dealing with transient nonresident motorists is therefore rationally related to a legitimate governmental interest and withstands constitutional challenge.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — NONRESIDENT MOTORISTS — PERSONAL PROTECTION BENEFITS.

A nonresident driver or occupant of a motor vehicle not registered in Michigan and not insured by an insurer which has filed a certification allowing its insureds to be subject to the personal and property protection insurance system set forth in Michigan's no-fault automobile insurance act is not entitled to be paid personal protection insurance benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of the automobile as an automobile (MCL 500.3113[c]; MSA 24.13113[c]).

2. INSURANCE — NO-FAULT INSURANCE — CONSTITUTIONAL LAW — "REASONABLE RELATIONSHIP" TEST.

The "reasonable relationship" test is to be used to determine the constitutionality of Michigan's no-fault automobile insurance act's various schemata in the face of due process and equal protection challenges; under this test the legislation and the legislative classification must be sustained if rationally related to a legitimate governmental interest.

3. STATUTES — PRESUMPTION OF CONSTITUTIONALITY — "REASONABLE RELATIONSHIP" TEST.

A challenged legislative judgment is accorded a presumption of constitutionality where the legislation is subjected to the "reasonable relationship" test in the face of due process and equal protection challenges.

4. INSURANCE — NO-FAULT INSURANCE.

The Michigan no-fault automobile insurance act was designed to obviate several problems of the tort recovery system by providing victims of motor vehicle accidents assured, adequate and prompt reparation for certain economic losses through a system of compulsory motor vehicle insurance coverage whose benefits

serve as a substitute for a common-law remedy in tort (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

5. INSURANCE — NO-FAULT INSURANCE — COMPULSORY INSURANCE.

The Michigan no-fault automobile insurance act provides that all owners or registrants of motor vehicles registered in Michigan must maintain insurance as required by the act, that all owners or registrants of motor vehicles not registered in Michigan must maintain. the requisite insurance if the vehicle is operated in Michigan more than 30 days in any one year, and that persons who do not comply are guilty of a misdemeanor and can be fined and imprisoned (MCL 500.3101[1], 500.3102[1], [2]; MSA 24.13101[1], 24.13102[1], [2]).

6. INSURANCE — NO-FAULT INSURANCE.

Nonresidents are not required to purchase no-fault insurance if they operate their vehicles in Michigan for less than 30 days in any one year (MCL 500.3102[1]; MSA 24.13102[1]).

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *James K. Thome),* for plaintiffs.

*Dickinson, Pike, Mourad, Brandt & Hanlon* (by *James H. Schoolmaster),* and *Gromek, Bendure & Thomas* (by *James G. Gross),* of counsel, for defendant.

Before: J. H. GILLIS, P.J., and BASHARA and K. N. SANBORN,* JJ.

PER CURIAM. This case was submitted to the trial court on the following stipulated facts: On July 3, 1974, in the City of Detroit, an automobile owned and operated by defendant, Mitchell Blackwell, was involved in an accident with an automobile owned and operated by plaintiff Seymour Gersten. Plaintiff Beverly Gersten was a passenger in Mr. Gersten's automobile. Both plaintiffs were injured in the accident but the injuries did not

---

* Circuit judge, sitting on the Court of Appeals by assignment.

constitute a serious impairment of a bodily function or a permanent serious disfigurement.

At the time of the accident, defendant was insured under a Michigan no-fault automobile insurance policy. Plaintiffs were residents of Illinois, had registered their vehicle in Illinois and had not operated their vehicle in Michigan in excess of 15 days. Plaintiffs' insurance carrier, if any, was not required to file a certificate of compliance with the Michigan no-fault insurance act under MCL 500.3163(1); MSA 24.13163(1). Moreover, plaintiffs' carrier had not voluntarily filed such a certificate under MCL 500.3163(2); MSA 24.13163(2).

Pursuant to WCCR 403, this matter was sent to mediation. The mediation board made a conditional award based on the applicability of the Michigan no-fault act. If applicable, the mediators found no cause of action. If not applicable, the award was $4,000.

The issue was stipulated by the parties as follows:

"Does § 3135 of the Michigan no-fault act, MCL 500.3135 apply to a cause of action brought against a Michigan resident insured with Michigan 'No-Fault' automobile insurance by a nonresident of Michigan not covered by or required to be covered by 'No-Fault' insurance?"

Plaintiffs argued that application of § 3135 to this case would violate the due process and equal protection clauses of the Michigan and United States Constitutions. The trial judge held the action was barred by § 3135.[1]

Section 3135 of Michigan's no-fault act abolishes, with certain exceptions, tort liability arising from

---

[1] MCL 500.3135; MSA 24.13135.

the ownership, maintenance or use within this state of a motor vehicle with respect to which security for personal protection insurance, property protection insurance and residual liability was in effect. The stipulated facts of the instant case indicate that the exceptions to the immunity from tort liability do not apply here. Since defendant maintained the requisite security, he is, pursuant to § 3135, relieved of all tort liability to plaintiffs arising from the accident. Additionally, under § 3113(c) plaintiffs are not entitled to personal protection insurance benefits:

"A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

\* \* \*

"(c) The person was not a resident of this state, was an occupant of a motor vehicle not registered in this state and was not insured by an insurer which has filed a certification in compliance with section 3163." MCL 500.3113(c); MSA 24.13113(c).

Thus, under Michigan's no-fault scheme, plaintiffs are denied personal injury protection benefits while simultaneously being prevented from pursuing tort remedies.

Plaintiffs argue that the legislation arbitrarily places into a separate group those nonresident motorists whose motor vehicle insurers do not file a certificate of compliance with the Michigan no-fault act. They further argue that the denial of personal protection insurance benefits to plaintiffs coupled with the unavailability of tort recovery serves no legitimate governmental interest.

In *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978), *cert den* 442 US 934 (1978),

the Michigan Supreme Court held that the test to be used when determining the constitutionality of the no-fault act's various schemata in the face of due process and equal protection challenges is the "reasonable relationship" test. Under this test the legislation and the legislative classification must be sustained if rationally related to a legitimate governmental interest. In applying this test the Legislature's judgment is accorded a presumption of constitutionality. *Shavers, supra,* 613. Applying this test, we hold that the Legislature's method of dealing with transient nonresident motorists under the no-fault act sustains constitutional challange.

The no-fault act was designed to obviate several problems of the tort recovery system by providing victims of motor vehicle accidents assured, adequate and prompt reparation for certain economic losses through a system of compulsory motor vehicle insurance coverage whose benefits serve as a substitute for a common-law remedy in tort. Insofar as it provides benefits without regard to fault as a substitute for tort remedies, it has been held constitutional. *Shavers, supra,* 578-579.

Under the act, all owners or registrants of motor vehicles registered in Michigan must maintain the insurance required by the act. MCL 500.3101(1); MSA 24.13101(1). Likewise, all owners or registrants of motor vehicles not registered in Michigan must maintain the requisite insurance if the vehicle is operated in Michigan for more than 30 days in any year. MCL 500.3102(1); MSA 24.13102(1). The act provides penalties for those who do not comply as required. Such persons are guilty of a misdemeanor and can be fined $100—$500 and imprisoned for not more than a year. MCL 500.3102(2); MSA 24.13102(2).

Perhaps in recognition of Michigan's tourist industry, the Legislature carved out an exception to the requirement that those who travel our highways must purchase no-fault insurance. Nonresidents are not required to purchase no-fault insurance if they operate their vehicles in this state for less than 30 days. In this manner the legislation protects tourists and other transient nonresidents from the criminal sanctions imposed by the act.

The purchase of no-fault insurance by transient nonresident motorists is therefore on a voluntary basis. Disqualification from benefits under § 3113(c) for those who do not voluntarily comply with our act is not a penalty. Section 3113 is merely an exclusion section and is intended to prevent benefits provided by Michigan's scheme from going to someone who has not paid a premium for the same. *Cf. Heard v State Farm Mutual Automobile Ins Co,* 93 Mich App 50, 57-58; 286 NW2d 46 (1979), *lv gtd* 408 Mich 896 (1980). This scheme, while encouraging compliance with the act on the part of a transient nonresident, does not go so far as to subject the nonresident to criminal sanctions. In this manner the legislation strikes a balance between the Legislature's interest in uniform application of the act to injuries arising out of motor vehicle accidents in our state and the transient nonresident's interest in the operation of his vehicle in our state.

Under the test by which we must analyze this scheme, so long as the Legislature's judgment is supported by a rational basis, the choices made and the distinctions drawn are constitutional. *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524, 542; 273 NW2d 829 (1979), *app dis* 444 US 803; 100 S Ct 22; 62 L Ed 2d 16 (1979). We hold that the Legislature's scheme in dealing

with transient nonresident motorists is constitutional.

We reject as without merit defendant's claim that plaintiffs lack standing in this matter.

Affirmed.