BERRIEN COUNTY ROAD COMMISSION v JONES

Docket No. 59180. Submitted April 7, 1982, at Lansing.—Decided September 7, 1982.

The Berrien County Road Commission brought an action against Dean E. Jones and Morgan Driveaway, Inc., to recover property damage caused to a road grader owned by the road commission when it collided with a truck driven by Jones, owned by Morgan, and registered in Indiana. Neither vehicle was required to be covered by no-fault insurance, but the defendants were voluntarily covered by such insurance. The Berrien Circuit Court, Chester J. Byrns, J., found that because defendants were covered by no-fault insurance they were entitled to the immunity from tort liability granted by the no-fault statute. Summary judgment was granted in favor of the defendants. Plaintiff appeals, alleging that tort liability was not abolished because no security was required by the statute for the vehicles involved. *Held:*

The defendants, having voluntarily acquired the security required by the no-fault act for a vehicle defined as a motor vehicle by the act, are entitled to the immunity granted by the act.

Affirmed.

1. APPEAL — STATUTES — JUDICIAL CONSTRUCTION.

The Court of Appeals, in ascertaining the intent of the Legislature in enacting a statute, looks to the language used in the statute, its subject matter, its scope, and purpose, and renders , it internally consistent in order to avoid absurd results.

2. INSURANCE — NO-FAULT INSURANCE — TORTS — PUBLIC POLICY.

The policy apparently expressed by the no-fault insurance act in conditioning the abolition of tort liability upon the obtaining of

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 146, 148, 149, 155 *et seq.*

[2, 3] 7 Am Jur 2d, Automobile Insurance § 348.
    Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

[3] 7 Am Jur 2d, Automobile Insurance § 350.

no-fault coverage is that a person is to be relieved of tort liability only upon participating, through the payment of premiums, in a system for spreading the costs of compensating injuries caused by vehicles without regard to fault (MCL 500.3135; MSA 24.13135).

3. INSURANCE — NO-FAULT INSURANCE — IMMUNITY FROM TORT LIA-BILITY.

A nonresident defendant who owns a vehicle which is not required to be registered as a vehicle in Michigan or to be covered by no-fault insurance, but who has voluntarily obtained no-fault insurance coverage, is entitled to the immunity from tort liability granted by the no-fault statute (MCL 500.3135[2]; MSA 24.13135[2]).

*Globensky, Gleiss, Henderson & Bittner,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley),* for defendants.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and K. B. GLASER,* JJ.

K. B. GLASER, J. Plaintiff appeals by right from a summary judgment granted defendants for failure to state a claim on which relief could be granted pursuant to GCR 1963, 117.2(1).

Defendants' truck registered in Indiana, collided with plaintiff's road grader. Neither vehicle was required to be registered as a vehicle in Michigan and therefore neither was required to be covered by no-fault insurance. MCL 500.3101(1); MSA 24.13101(1). Plaintiff seeks to recover the damage to its road grader. Defendants were voluntarily covered by no-fault insurance and claim the immunity from tort liability granted by MCL 500.3135(2); MSA 24.13135(2). The trial court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

granted summary judgment on that issue. We affirm.

Section 3135(2) provides in pertinent part:

"* * * tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the *security required by section 3101(3) and (4)* was in effect is abolished." (Emphasis supplied.)

Plaintiff's claim is that since no security was required for these particular vehicles under § 3101(1), the above-quoted section does not abolish tort liability even though defendants had voluntarily obtained the security required by §§ 3101(3) and (4) of Michigan registered vehicles of the same type.

The section being somewhat ambiguous, the intent of the Legislature must be ascertained. To do so we look at the language used in the statute, its subject matter, scope, and purpose and render it internally consistent to avoid absurd results. *Shoemaker v National Ben Franklin Ins Co of Michigan,* 78 Mich App 175, 178; 259 NW2d 414 (1977), *overruled on other grounds Lee v Detroit Automobile Inter-Ins Exchange,* 412 Mich 505, 511; 315 NW2d 413 (1982).

The purpose and scope of the no-fault statute was stated in *Citizens Ins Co of America v Tuttle,* 411 Mich 536, 546-547; 309 NW2d 174 (1981):

"Moreover, subsection (2) abolishes tort liability arising from the ownership, maintenance or use only of vehicles for which the required no-fault insurance or other security has been obtained. The policy apparently expressed in so conditioning the abolition of tort liability upon the obtaining of no-fault coverage is that a person is to be relieved of tort liability only upon participating, through the payment of premiums, in a

system for spreading the costs of compensating vehicular injuries without regard to fault."

It would be an absurd result indeed to hold that a vehicle which, except for its state of registration, would be required to obtain no-fault insurance, and whose owner had voluntarily obtained no-fault insurance, should be denied the protection of that coverage solely because the owner had done more in meeting the objectives of the laws of this state than he had to.

Furthermore, the language of § 3135 speaks only of the "security required by § 3101*(3) and (4)*". (Emphasis supplied.) Those two subsections deal only with the security required. Only § 3101(1) deals with vehicles which are required to have the security. Significantly, the Legislature in drafting § 3135(2) did not include reference to § 3101(1) in carving out the immunity from tort liability for those who had the required security.

Plaintiff cites *Shoemaker, supra,* in support of its position. However, as noted, that case has been overruled and, in any event, we do not view it as applying to the circumstances of this case. No evidence of a legislative intent to exclude nonresident owners of motor vehicles appears. On the contrary, § 3102 *requires* defendants' compliance with the security requirements of no-fault after a 30-day period. The 30-day period is to protect tourists and other transient nonresidents from the criminal sanctions imposed by the act. *Gersten v Blackwell,* 111 Mich App 418, 424; 314 NW2d 645 (1981).

We hold that defendants, having paid their dues in the risk-spreading system and being the owners or registrants of a motor vehicle as defined in the statute, are entitled to the immunity of § 3135(2) of the no-fault act.

Affirmed. Costs to defendants.