## VREELAND v WAYMAN

Docket No. 76509. Submitted October 4, 1984, at Grand Rapids.—
Decided January 17, 1985.

Plaintiffs, Raymond C. and Mary Lou Vreeland, brought an action against Harry C. Wayman for damages for injuries suffered by Mr. Vreeland in an automobile collision. The Kent Circuit Court, George R. Cook, J., granted a summary judgment in favor of defendant, holding that as a matter of law Mr. Vreeland's injuries did not meet the threshold requirement of serious impairment of body function for recovery of noneconomic losses. Plaintiffs appealed. *Held:*

The injuries suffered by Mr. Vreeland failed to meet the threshold requirement of serious impairment of body function. While it is possible for soft tissue injuries to be a serious impairment of body function, the standard requires that the injury be objectively manifested. A mere assertion of pain and suffering is not sufficient to meet the threshold. The injuries complained of herein did not significantly interfere with the plaintiff's normal lifestyle nor incapacitate him. Summary judgment was proper.

Affirmed.

1. AUTOMOBILES — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION.

Whether an injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic loss is a question of statutory construction to be decided by the trial court; where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination,

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance § 349.
44 Am Jur 2d, Insurance § 2031.
Validity and construction of no-fault automobile insurance plans. 42 ALR3d 229.
What constitutes sufficiently serious personal injury, disability, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.
[2] 7 Am Jur 2d, Automobile Insurance § 358.

the court must decide as a matter of law whether the plaintiff has suffered a serious impairment of body function (MCL 500.3135; MSA 24.13135).

2. AUTOMOBILES — NO-FAULT ACT — SERIOUS IMPAIRMENT OF BODY FUNCTION — PAIN AND SUFFERING.

An allegation of general pain and suffering is not sufficient to meet the threshold requirement of serious impairment of body function necessary to avoid the no-fault act's proscription against tort actions; the legislative intent was to predicate recovery for such noneconomic losses on objectively manifested injuries (MCL 500.3135; MSA 24.13135).

*Kluczynski, Girtz & Vogelzang* (by *Timothy M. McAree*), for plaintiffs.

*Allaben, Massie, Vander Weyden & Timmer* (by *Keith A. Vander Weyden*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and MAC-KENZIE and R. R. LAMB,* JJ.

PER CURIAM. Plaintiffs, Raymond C. and Mary Lou Vreeland, appeal as of right from an order granting defendant's motion for summary judgment, pursuant to GCR 1963, 117.2(3). This action arose from a two-car accident in which Raymond Vreeland suffered soft tissue injuries. On appeal plaintiffs assert that a soft tissue injury can be a serious impairment of body functions and that it is unconstitutional for a statute not to allow persons with soft tissue injuries a trial on the merits.

The statute, MCL 500.3135; MSA 24.13135, abolished tort liability for noneconomic losses unless certain threshold requirements were met. The reasoning and goals of the Legislature have been upheld and declared constitutional. *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978). Plaintiff alleges that *Cassidy v McGovern,*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

415 Mich 483; 330 NW2d 22 (1982), did not hold that soft tissue injuries would never qualify as serious impairments of body functions as a matter of law. With this we agree. Rather we find that the Court discussed just what constitutes a serious impairment of a body function and under what circumstances the trial court can decide that matter.

"Therefore, we conclude that the meaning of 'serious impairment of body function' is a matter to be determined by statutory construction. We hold that when there is no factual dispute regarding the nature and extent of a plaintiff's injuries, the question of serious impairment of body function shall be decided as a matter of law by the court. Likewise, if there is a factual dispute as to the nature and extent of a plaintiff's injuries, but the dispute is not material to the determination whether plaintiff has suffered a serious impairment of body function, the court shall rule as a matter of law whether the threshold requirement of MCL 500.3135; MSA 24.13135 has been met." *Cassidy, supra,* p 502.

In the instant case we find no factual dispute. There is agreement that plaintiff does experience pain and suffering; however, that is not the standard upon which relief may be granted.

"Another significant aspect of the phrase 'serious impairment of body function' is that it demonstrates the legislative intent to predicate recovery for noneconomic loss on objectively manifested injuries. Recovery for pain and suffering is not predicated on serious pain and suffering, but on injuries that affect the functioning of the body." *Id.,* p 505.

Plaintiff's injuries were not subject to medical measurement and thus are not objectively manifested in a scientific or medical context. *Cassidy,*

*supra,* and *Williams v Payne,* 131 Mich App 403; 346 NW2d 564 (1984).

"Medically unsubstantiated pain will always be present in a tort action for pain and suffering. The Legislature could not intend so low a threshold for avoiding the no-fault act's proscription against tort actions. General pain and suffering is not sufficient to meet the threshold." *Williams, supra,* p 410.

Even if we were to assume, *arguendo,* that plaintiff's arthritic condition was accelerated by the accident, plaintiff still does not meet the threshold. As in *Braden v Lee,* 133 Mich App 215, 218-219; 348 NW2d 63 (1984), plaintiff here is able to work and, although he has difficulty with some tasks, he is able to live a normal life and can garden and golf, etc. There is no significant interference with his normal lifestyle, nor is he incapacitated.

As there is no distinction between persons with soft tissue injuries and those with other injuries, plaintiff's argument that the statute and its interpretation are unconstitutional is without merit. See *Shavers, supra.*

We conclude that the trial court was correct in determining as a matter of law that plaintiff's injuries failed to meet the minimum threshold requirement for recovery of noneconomic losses; thus, summary judgment was properly entered in defendant's favor.

Affirmed. Costs to appellee.