PAGE v CLARK

Docket No. 78321. Submitted February 14, 1985, at Detroit.—Decided March 28, 1985.

Plaintiff, Andrew Page, brought an action for damages against defendants, Frederick A. Clark and Brenda Gibbons. Plaintiff suffered a "whiplash" injury when his automobile was struck from the rear by an automobile operated by defendant Gibbons. The Wayne Circuit Court, Maureen Pulte Reilly, J., granted summary judgment in favor of defendants on the basis that plaintiff's injuries did not constitute a serious impairment of body function. Plaintiff appealed, alleging that summary judgment was inappropriate because discovery was not complete and because there was a factual dispute regarding the nature and extent of the plaintiff's injuries. *Held:*

1. Discovery need not be complete for purposes of a motion for summary judgment; the question is merely whether further discovery stands a fair chance of uncovering factual support for the litigant's position. Furthermore, plaintiff failed to argue the issue in the trial court, thus precluding consideration on appeal.

2. There was no dispute regarding the extent of plaintiff's injuries; the only question was whether those injuries amounted to a serious impairment of body function. The trial court did not err in determining in this case that the plaintiff's injuries did not constitute a serious impairment of body function.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — DISCOVERY.

Discovery need not be complete for purposes of a motion for summary judgment; the question is merely whether further discovery stands a fair chance of uncovering factual support for the litigant's position.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 13 *et seq.*

[2] 7A Am Jur 2d, Automobile Insurance § 340 *et seq.*

What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

2. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF
   BODY FUNCTION.

    The determination of whether a plaintiff has suffered a serious
   impairment of body function so as to maintain an action in tort
   under the no-fault automobile insurance act is to be made by
   the trial court as a matter of law; the injuries need not be
   permanent to be considered serious, but must be objectively
   manifested; injuries which do not prevent a plaintiff from
   performing tasks related to employment or which do not inter-
   fere with the general ability to live a normal life do not
   constitute serious impairment of body function.

*Thurswell, Chayet & Weiner* (by *Janet M. Bran-
don),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &
Pedersen, P.C.* (by *Ernest R. Bazzana* and *James
Raftery),* for defendants.

Before: V. J. BRENNAN, P.J., and CYNAR and
J. W. FITZGERALD,* JJ.

PER CURIAM. Plaintiff appeals as of right from
the trial court's finding that, as a matter of law,
plaintiff had not suffered a serious impairment of
body function, based on which the court granted
defendants' motion for summary judgment.

Plaintiff raises three issues on appeal, none of
them meritorious.

Plaintiff first argues that the trial court should
not have ruled on defendants' motion for summary
judgment because discovery was not complete.
Since plaintiff failed to argue this in the trial
court, we are precluded from considering it on
appeal. Moreover, plaintiff had already obtained
and submitted a report by the treating physician.
For purposes of a motion for summary judgment,
discovery need not be complete; the question is

* Retired Supreme Court Justice, sitting on the Court of Appeals by
assignment.

merely whether further discovery stands a fair chance of uncovering factual support for the litigant's position. *Kortas v Thunderbowl & Lounge,* 120 Mich App 84, 87; 327 NW2d 401 (1982). Neither plaintiff nor the doctor's report gives any indication that the doctor would testify that plaintiff's injuries were more serious than stated in the report.

Plaintiff next argues that summary judgment was inappropriate because a factual dispute existed regarding the nature and extent of plaintiff's injuries. To the contrary, defendants' attorney explicitly stated at the hearing on summary judgment, "We are not disputing the nature and extent of the plaintiff's treatment". Defendants argued instead that plaintiff's injury, as reported in medical records, was not a serious impairment of body function as a matter of law. The dispute in this case is not the factual question of the extent of plaintiff's injuries, but rather the legal question of whether those injuries amount to a serious impairment.

The determination of whether a plaintiff has suffered a serious impairment of body function so as to maintain an action in tort under the Michigan no-fault act is to be made by the trial court as a matter of law. *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982), *reh den* 417 Mich 1104 (1983). The injuries need not be permanent to be considered serious, but they must be objectively manifested. *Id.* Injuries which do not prevent a plaintiff from performing tasks related to employment, or which do not interfere with the general ability to live a normal life, do not constitute serious impairment of body function. *Braden v Lee,* 133 Mich App 215, 219; 348 NW2d 63 (1984); *Guerrero v Schoolmeester,* 135 Mich App 742, 750; 356 NW2d 251 (1984).

Plaintiff in this case claimed "whiplash" injuries which caused the wearing of a cervical collar, limited range of motion of his neck and head, and his absence from work for three months. Plaintiff's treating physician reported that, right after the automobile accident, plaintiff had a tremendous amount of spasm and tenderness in his neck muscles, and movement of his neck was extremely restricted. Three months later, the doctor pronounced "a nearly 100 percent resolution of the problem".

We do not think the trial court erred in finding that plaintiff had not suffered a serious impairment of body function as required by the no-fault act. Summary judgment was proper in this case.

Affirmed.