AKIN v SLOCUM

Docket No. 82995. Submitted November 18, 1985, at Lansing. Decided June 10, 1986.

Plaintiff, David J. Akin, filed suit in the Oakland Circuit Court against defendant, Lester G. Slocum, alleging inter alia that injuries he sustained in an accident involving his motorcycle and defendant's truck caused a serious impairment of body function, i.e., his ability to walk. The circuit court removed the case to the district court. Defendant thereafter moved for summary judgment claiming that plaintiff's injuries did not meet the threshold requirement for recovery of noneconomic losses under the no-fault act. In response, plaintiff argued that the accident caused several injuries, including a hematoma of the right leg which required drainage, scarring, a cracked bone in his leg, lumps, bruises, abrasions, a lower-back injury and a hip injury, and that these injuries impaired his ability to walk. Plaintiff also submitted an affidavit stating that he needs a cane to walk, that his consumption of painkillers has caused him to suffer gastritis, and that his injuries prevented him from resuming his employment as a common laborer. The district court granted summary judgment in favor of defendant. The circuit court, Robert C. Anderson, J., affirmed the district court, ruling that the district court did not clearly err in granting summary judgment. Plaintiff appealed by leave granted. *Held:*

1. The circuit court erred by applying a "clearly erroneous" standard of review in affirming the district court's grant of summary judgment. Because plaintiff's allegation that a genuine issue of material fact existed regarding the nature and extent of his injuries was rejected by the district court, the circuit court should have reviewed the record to determine

REFERENCES

Am Jur 2d, Automobile Insurance §§ 357 *et seq.*

Am Jur 2d, Summary Judgment §§ 16 *et seq.*

What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

See also the annotations in the ALR3d/4th Quick Index under No-Fault Insurance.

whether, as a matter of law, there was indeed a genuine issue of fact.

2. The district court erred in ruling as a matter of law that plaintiff did not suffer a serious impairment of body function, in light of the existence of material issues of fact regarding plaintiff's ability to walk.

Reversed and remanded for trial.

1. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION.

The question of whether an injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic loss must be decided as a matter of law where there is no factual dispute regarding the nature and extent of the plaintiff's injuries (MCL 500.3135[1]; MSA 24.13135[1]).

2. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION — JUDGMENTS — SUMMARY JUDGMENT — APPEAL.

A trial court, in a suit for noneconomic losses under the no-fault act for serious impairment of body function, may not decide as a matter of law that plaintiff's injuries do not meet the threshold for serious impairment of body function and accordingly grant summary judgment in favor of the defendant, where the plaintiff, in response to the defendant's motion for summary judgment, alleges and provides evidence that material factual disputes exist as to the nature and extent of his injuries.

*Allen J. Counard, P.C.* (by *Allen J. Counard*), for plaintiff.

*Robert E. Stout,* for defendant.

Before: T. M. BURNS, P.J., and D. E. HOLBROOK, JR., and J. D. PAYANT,* JJ.

PER CURIAM. Plaintiff, David J. Akin, brings this appeal by leave granted from a circuit court order affirming a district court order granting summary judgment in favor of defendant, Lester G. Slocum. We reverse and remand for trial.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff filed a complaint on December 4, 1981, in Oakland Circuit Court against defendant for injuries he sustained in a motor-vehicle accident on July 13, 1979. Plaintiff's motorcycle collided with a truck driven by defendant.

Plaintiff alleged that his injuries caused a "serious impairment of body function, permanent significant scarring, and an impairment of earning capacity." After the case was removed to the 50th District Court, defendant moved for summary judgment pursuant to GCR 1963, 117.2(1) and DCR 117.2(1), claiming that plaintiff's injuries, as a matter of law, did not meet the threshold requirement for recovery under the no-fault act, MCL 50.3135; MSA 24.13135. Plaintiff countered the motion, contending that the accident caused him several injuries, including a hematoma of the right leg which required drainage, scarring, a cracked bone in his leg, lumps, bruises, abrasions, a lower-back injury and a hip injury, and that these injuries impaired his ability to walk and thereby caused a serious impairment of body function. Plaintiff added an affidavit stating that he needs a cane to walk, that his consumption of the painkillers Motrin and aspirin has caused him to suffer gastritis, and that his injuries prevented him from returning to the field of common labor. Plaintiff submitted that, at the very least, his injuries presented a factual issue as to their extent so as to preclude summary judgment against him. The district court in granting defendant's motion held that "this is one of those cases that the Supreme Court meant was not to be brought under the No-Fault Act."

Plaintiff appealed to Oakland Circuit Court, claiming a material issue of fact existed as to the extent of his injuries. Plaintiff's counsel argued that plaintiff had seen an orthopedic surgeon and

intended to see another surgeon about his knee as soon as he completed treatment for gastritis. Other factual questions for the jury, plaintiff urged, concerned his use of crutches for four to six months after the accident and the amount of Motrin and aspirin he consumed. Plaintiff concluded that the use of crutches, reliance on painkillers to the extent he suffered gastritis, the recommendation of various surgical procedures, and the necessity of permanently being required to use a cane constituted objective manifestations of the serious impairment he sustained. Defendant responded that the nature and extent of plaintiff's injuries were readily ascertainable, were not serious, and were not objectively manifested.

The circuit court held that the district judge's decision was not clearly erroneous and affirmed summary judgment in favor of defendant.

First we consider whether the circuit court erred by applying a "clearly erroneous" standard of review in affirming the grant of defendant's motion for summary judgment. We hold that it did.

Because plaintiff's allegation that a genuine issue of material fact existed regarding the nature and extent of his injuries was rejected by the district judge, the circuit court should have reviewed the record to determine whether as a matter of law there was a genuine issue of fact. *American Parts Co, Inc v American Arbitration Ass'n,* 8 Mich App 156, 170; 154 NW2d 5 (1967). The circuit court improperly applied the "clearly erroneous" standard. The question of whether there is a serious impairment of body function is not a question of fact but rather a question of law. Only questions of fact should be reviewed under the "clearly erroneous" standard. We are not unmindful of *Kelleher v Kuchta,* 138 Mich App 45; 359 NW2d 224 (1984), in which this Court applied

the "clearly erroneous" standard to a review of a no-fault threshold case. That panel reasoned that to do otherwise would force reviewing courts to simply "second guess" the trial court's decision. While it is hoped the review amounts to more than guesswork, we are of the opinion that this aptly defines the function of an appellate court in reviewing a question of law and prefer to follow the panels in *Routley v Dault,* 140 Mich App 190; 363 NW2d 450 (1984); *Vreeland v Wayman,* 141 Mich App 574; 367 NW2d 362 (1985); and *Guerrero v Schoolmeester,* 135 Mich App 742; 356 NW2d 251 (1984), as to the standard of review.

Plaintiff argues that there were factual disputes surrounding the nature and extent of his injuries, and the disputes were material to the determination of whether he suffered a serious impairment of body function. The factual dispute centered on plaintiff's insistence that his ability to walk normally had been significantly impaired. He claims he can present evidence at trial to prove he was required to use crutches for the first four to six months after the accident, that he will be permanently required to use a cane because of the instability and pain in his knees, and that one doctor recommended surgery for his knees. Defendant argues that the doctor's report does not state that plaintiff's knee injuries were caused by the accident and that, in fact, plaintiff had been treated by another doctor for a 1982 knee sprain.

Plaintiff has presented a question of fact material to the threshold issue. The factual dispute surrounds plaintiff's ability to walk, which is an important body function. See *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982), reh den 417 Mich 1104 (1983). Plaintiff has produced disputed evidence that the pain in his knee is so bad that he must consume large quantities of painkillers

and will be required to walk with a cane on a permanent basis.

Plaintiff also claims he developed gastritis, most probably from ingesting large doses of Motrin and aspirin following the accident, and further complains of back pains. Neither of these two conditions constitutes a serious impairment of a body function. Plaintiff has not produced any objective manifestation of a back injury, and the gastritis condition is not so serious as to constitute a threshold injury.

Given that material issues of fact exist regarding the plaintiff's ability to walk, the district court erred in granting defendant's motion for summary judgment. The circuit court erred when it applied the "clearly erroneous" standard of review.

Reversed and remanded for trial.