**MacArthur DRAKE, et al., Plaintiffs,**

**v.**

**Keith L. GORDON, et al., Defendants.**

**C.A. No. 85–60332–AA.**

United States District Court,
E.D. Michigan, S.D.

Oct. 2, 1986.

Gilbert King, Gary, Ind., for plaintiffs.

R. Stephen Olsen, Ann Arbor, Mich., for defendants.

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

LA PLATA, District Judge.

## I. INTRODUCTION

On August 12, 1984, Plaintiffs, MacArthur Drake and Linda Drake,[1] were injured when the automobile in which they were travelling in Jackson County, Michigan, was involved in a collision with a vehicle operated by Defendant Keith Gordon and owned by Defendant Cynthia Gordon. At the time of the accident, neither Plaintiff was a resident of the State of Michigan and both Defendants were residents of Michigan.

On August 12, 1985, Plaintiffs instituted an automobile negligence action against Defendants. The matter is before the court on cross-motions for summary judgment. Defendants contend that Plaintiffs are not entitled to compensation for their personal injuries, since neither of them suffered a serious impairment of an important body function, a threshold level required by the Michigan No Fault Act.[2] Plaintiffs, who were residents of Gary, Indiana, on the date of the incident, argue that the No Fault Law's serious impairment requirement is not applicable, because the limitation of tort recovery segment of the No Fault Act does not pertain to non-residents who are injured in a motor vehicle accident in Michigan.

## II. SUMMARY OF NO–FAULT ACT

■ Under Section 3135 of the No Fault Act, a person injured in an automobile accident in Michigan by an insured motorist may not recover damages for his injuries unless he suffered death, a permanent, serious disfigurement, or a serious impairment of a body function. In *Cassidy v. McGovern*,[3] the Michigan Supreme Court enunciated that an ascertainment of whether an injury falls within the ambit of the phrase "serious impairment of a body function" is a question of statutory construction to be decided by the court. Where no factual dispute exists regarding the nature and extent of a Plaintiff's injuries or when the factual dispute is immaterial to a determination of whether the injured party suffered a serious impairment of a body function, the trial court should rule as a matter of law whether the threshold statutory requirement has been satisfied.[4]

■ In *Cassidy* and its progeny, the appellate courts of Michigan have, on a case by case basis, defined the types of injuries that amount to a serious impairment of a body function. The cases uniformly have held that the impairment must be serious and involve an important function.[5] The trial court should apply an objective standard to examine the effect of the injury on the individual's general ability to lead a normal life.[6] Recovery for noneconomic damages is based on objectively manifested injuries rather than on claims of pain and suffering.[7]

## III. DETERMINATION OF SERIOUS IMPAIRMENT QUESTION

As a result of the accident, Mr. Drake incurred bruises to his arm, wrist, and leg.

1. Also included as a plaintiff in the lawsuit was Lynnette Marie Drake, through her next friends, MacArthur Drake and Linda Drake. Lynnette Drake was born six months after the accident.

2. M.C.L.A. § 500.3101 *et seq.*

3. 415 Mich. 483, 330 N.W.2d 22, 29 (1982).

4. *Cassidy*, 330 N.W.2d at 29; *Morris v. Levine*, 146 Mich.App. 150, 379 N.W.2d 402, 404 (1985).

5. See, *inter alia, Garris v. Vanderlaan*, 146 Mich. App. 619, 381 N.W.2d 412, 414–415 (1985); *Page v. Clark*, 142 Mich.App. 697, 370 N.W.2d 15, 16 (1985).

6. *Guerrero v. Schoolmeester*, 135 Mich.App. 742, 356 N.W.2d 251, 254–255 (1984); *Braden v. Lee*, 133 Mich.App. 215, 348 N.W.2d 63, 65 (1984).

7. *Vreeland v. Wayman*, 141 Mich.App. 574, 367 N.W.2d 362, 363 (1984).

He received treatment in the emergency room of Hutzel Hospital approximately seventeen hours after the incident, returning to the hospital on the following day for an x-ray of his right hand. He received treatment from a physician on only one occasion following his second emergency room visit. Mr. Drake testified at his deposition that his injuries do not prevent him from living a normal life.

Mrs. Drake claims that she suffered an injury to her right ankle in the accident. According to her testimony at a discovery deposition, she essentially recovered in three weeks. While she does not anticipate requiring additional treatment, she stated that she incurs pain periodically.

A third Plaintiff included in the Complaint is Lynnette Drake, who was born six months after the accident. The record reveals that Lynnette is a healthy baby who was delivered in a normal fashion.

A scrutiny of the medical records and the depositional testimony of Mr. and Mrs. Drake leads this Court to conclude that none of the Plaintiffs suffered a serious impairment of an important body function. The injuries were not sufficiently serious to fulfill the minimum threshold level for recovery, for neither Mr. Drake nor Mrs. Drake has been impeded in regard to his or her ability to work or to live a normal life.

## IV. APPLICATION OF THRESHOLD REQUIREMENT TO A NON–RESIDENT MOTORIST

Plaintiffs contend that the threshold requirement of the No-Fault law should not apply to non-residents who are injured in Michigan. They raise three arguments in support of their position:

1. The limitation for tort recovery should only apply to individuals who are afforded protection by the Act, namely, insured residents of Michigan.

2. The limitation operates as a violation of a non-resident's rights to travel, as safeguarded by the Fourteenth Amendment to the United States Constitution.

3. By denying non-residents the right to recovery for injuries suffered in an automobile accident, the No-Fault Act results in a denial of that person's Equal Protection and Due Process Rights.

The No-Fault Act requires all motorists who are Michigan residents to purchase an insurance policy.[8] Non-resident motorists are not required to purchase no-fault insurance, unless they operate a motor vehicle for at least thirty days in a calendar year.[9] A non-resident motorist who operates a vehicle for fewer than thirty days in Michigan may purchase a no-fault insurance policy.

In the matter at bar, Defendants, residents of Michigan, complied with the insurance laws by purchasing No-Fault insurance policies. By complying with the law, they secured the right to recover certain economic damages emanating from a motor vehicle accident, regardless of fault, but relinquished their right to recover non-economic damages for injuries suffered in an accident, unless the injuries resulted in death, serious and permanent disfigurement, or a serious impairment of an important body function. Attendant to an insured party's limitation of recovery for non-economic damages is his insulation from liability for non-economic damages incurred by a person he injured in an automobile accident, unless that person satisfied the threshold injury level prescribed by the Legislature.

In enacting the No-Fault Act, the Legislature intended to (1) eliminate the litigation of minor personal injury cases; (2) bar recovery for non-economic losses unless the injuries are serious; and (3) enable a

8. M.C.L.A. § 500.3101(1).

9. M.C.L.A. § 500.3102(1). A person who does not comply with the insurance requirements of the Act may be charged with a misdemeanor, providing for a maximum sentence of one year in prison and a fine not exceeding $500.00. M.C.L.A. § 500.3102(2).

seriously injured victim who suffered extraordinary economic losses to recover non-economic damages as well as damages for allowable expenses, work loss, and survivor's loss.[10] This Court concludes that Defendants' insulation from tort liability under the No-Fault scheme should not be vitiated on the basis of their fortuitous involvement in an automobile accident with a non-resident motorist. Even though Plaintiffs were not residents of Michigan, they subjected themselves to the application of the tort laws of Michigan through their operation of an automobile in this State.

Consequently, the Court holds that a non-resident, like a Michigan resident, may not recover non-economic damages for injuries sustained in a motor vehicle accident in Michigan unless his injuries satisfied the standard prescribed by M.C.L.A. § 500.-3135 and *Cassidy v. McGovern.* Such a result is not violative of the First and the Fourteenth Amendment rights of the non-residents.[11] A non-resident should not be placed on a superior footing than a resident motorist with respect to his right to recover damages from a negligent operator of an automobile. Defendants' Motion for Summary Judgment is GRANTED.

**10.** See *Workman v. Detroit Automobile Inter-Insurance Exchange,* 404 Mich. 477, 274 N.W.2d 373, 385–386 (1979), *McKendrick v. Petrucci,* 71 Mich.App. 200, 247 N.W.2d 349, 354 (1976), *Byer v. Smith,* 419 Mich. 541, 357 N.W.2d 644, 646 (1984).

**11.** In *Gersten v. Blackwell,* 111 Mich.App. 418, 314 N.W.2d 645, 647–648 (1981), the Michigan Court of Appeals held that the No-Fault Act is not violative of a non-resident's Due Process and Equal Protection Rights to the extent that it does not permit him to recover personal injury protection benefits unless he purchased a Michigan No-Fault insurance policy. In *Gersten,* the plaintiffs, like the plaintiffs in the within case, did not suffer a serious impairment of a body function.