Lucille A. **FRASCA** and Rudolph A. Frasca, Plaintiffs,

v.

**UNITED STATES** of America, and Thomas Wesley Johnson, Defendants.

No. 86–1130.

United States District Court, C.D. Illinois, Peoria Division.

Jan. 12, 1989.

Larry Johnson, Champaign, Ill., for plaintiffs.

K. Tate Chambers, Peoria, Ill., James A. Lewis, Asst. U.S. Attys., Springfield, Ill., for defendants.

## MEMORANDUM OPINION

MIHM, District Judge.

At the continuation of the bench trial in this case on October 28, 1988, the Court orally indicated its finding that the Michigan No Fault statute, M.C.L.A. § 500.3135, is inapplicable in this case unless the automobile insurance policy held by Avis car rental agency, from whom Plaintiffs rented their car, would provide them with personal protection benefits. On January 5, 1989, this Court considered the question of whether or not Avis' insurance did provide such coverage to Plaintiffs, and found that it did not. The Court indicated to the parties that it would set forth the reasons for its ruling in a written order. In accordance with that representation, the Court submits this Memorandum Opinion.

The relevant statutory language is as follows:

Sec. 3135.

1. A person remains subject to tort liability for non-economic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.

\* \* \* \* \* \*

Sec. 3113.

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

\* \* \* \* \* \*

C. The person was not a resident of this state, was an occupant of a motor vehicle not registered in this state and was not insured by an insurer which has filed a certificate in compliance with Sec. 3163.

M.C.L.A. §§ 500.3135, 500.3113.

■ Upon examination of the Michigan No Fault statute, it is apparent to the Court that the policy behind the statute is to reduce litigation for injuries sustained in automobile accidents. Because those who are required to be registered under the provisions of the Act must carry personal protection insurance, recovery for minor injuries sustained in automobile accidents is to be obtained from the registered party's personal protection carrier. However, in the case of an accident which results in injury that "serious[ly] impair[s] bodily function," the Michigan No Fault statute permits, upon a showing of liability on the part of the other party involved in the accident, recovery of damages from such party.

In *Gersten v. Blackwell*, 111 Mich.App. 418, 314 N.W.2d 645 (1982), the Michigan Court of Appeals interpreted the statute as follows:

The No Fault Act was designed to obviate several problems of the tort recovery system by providing victims of motor vehicle accidents assured, adequate and prompt reparation for certain economic losses through a system of compulsory motor vehicle insurance coverage whose benefits serve as a substitute for com-

mon law remedy in tort. Insofar as it provides benefits without regard to fault as a substitute for tort remedies, it has been held constitutional. *Shavers* [*v. Attorney General*], supra, [402 Mich. 554] 578–79, 267 N.W.2d 72.

Under the Act, all owners or registrants of motor vehicles registered in Michigan must maintain the insurance required by the Act. M.C.L. § 500.3101(1); M.S.A. § 24.13101(1). Likewise, owners or registrants of motor vehicles not registered in Michigan must maintain the requisite insurance if the vehicle is operated in Michigan for more than 30 days in any year. M.C.L. § 500.3102(1); M.S.A. § 24.13102(1).

314 N.W.2d at 647–48.

■ Because in the instant situation neither Plaintiffs nor Defendants were residents of the State of Michigan and the rental car that they were driving was registered in Ohio, it would seem that the exception to the Michigan No Fault statute contained in § 3113 would apply in this case, so that the Michigan No Fault statute itself would be inapplicable. Although Defendants urge that, on the basis of the cases which they have cited to the Court, *Lee v. Detroit Automobile Inter–Insurance Exchange*, 412 Mich. 505, 315 N.W.2d 413 (1982); *Gersten v. Blackwell*, 111 Mich. App. 418, 314 N.W.2d 645 (1982); *Drake v. Gordon*, 644 F.Supp. 376 (E.D.Mich.1986); *Zotos v. U.S.*, 654 F.Supp. 36 (E.D.Mich. 1986), the statute is the relevant standard for application in this case, the Court finds otherwise. The Court finds significant the fact that in each of the cases cited by Defendants in support of their argument that the Michigan No Fault statute applies in this case, one of the parties was a Michigan resident. Due to the involvement in those cases of a Michigan resident who, at least presumably, was covered by the Michigan No Fault statute, the question as to the statute's applicability was different than in the case at bar.

The Michigan residents in the cases cited by Defendants had purchased the insurance mandated by the Michigan No Fault statute. Pursuant to the language of § 3113, the parties involved in those cases could recover personal protection benefits for accidents which resulted in less than "serious impairment of bodily function." Because the parties involved in those cases were entitled to personal protection benefits, the injustice of applying the "serious impairment of body function" limitation to their recoveries was non-existent. The same cannot be said of Plaintiffs in this case.

The Court believes that § 3135 and § 3113 of the Michigan statute must be read together. That is, if a party is not entitled to personal protection benefits, it would be manifestly unfair to apply the complementary provision to the Michigan statute, the provision which limits recovery to cases of "serious impairment of bodily function, or permanent serious disfigurement." In other words, if Plaintiffs here are not entitled to the Michigan statute's protections, their recovery against Defendants should not be limited by the Michigan statute's restrictions. Defendants also claim that under the terms of the automobile insurance policy carried by the Avis auto rental agency, which owned the car that Plaintiffs were driving, Plaintiffs were afforded personal protection coverage. That policy, which was issued by Liberty Mutual Insurance Company, provides in pertinent part as follows:

OWNED AUTOS SUBJECT TO NO–FAULT. Only those autos you own which are required to have No–Fault benefits in the state where they are licensed or principally garaged. This includes those autos whose ownership you acquire after the policy begins provided they are required to have No–Fault benefits in the state where they are licensed or principally engaged.

■ In order to ascertain the applicability of the above provision to this case, Defendants deposed Henry J. Cernitz, Senior Claims Attorney in Avis Rent–A–Car's insurance department. According to Cernitz's testimony, Avis regards automobiles in its fleet to be covered by insurance as required by laws of the state in which the rental agreement is entered. Because

**718**

Plaintiffs were in Michigan when they rented a car from Avis, Cernitz stated that Avis would consider them to be entitled to Michigan no-fault coverage. Noting this testimony, Defendants argue that the Michigan No Fault statute applies in this case, and bars Plaintiffs' recovery against Defendants for anything less than "severe impairment of bodily function."

With all due respect to Mr. Cernitz, the Court disagrees with his reading of the Liberty Mutual policy. If Mr. Cernitz's interpretation of the policy language were given full effect, then the Michigan no fault insurance coverage would extend to cars which are not licensed in Michigan and which were used in Michigan for a single day. Yet, the Liberty Mutual policy clearly limits coverage to that required by the state in which the automobile is "licensed [here, Ohio] or *principally* garaged." (Emphasis added). It is this Court's opinion that the word "principally" is unambiguous and that it means "most of the time." Mr. Cernitz's interpretation of the policy would effectively re-write that provision to read "wherever [the car is] garaged." The Court cannot accept that reading of the policy. Because there is no evidence in the record as to where the Avis automobile was principally garaged, and because it was not licensed in the State of Michigan, this Court cannot accept Defendants' position that the Avis insurance policy afforded Plaintiffs the benefits of Michigan no fault coverage.

### CONCLUSION

It seems to the Court that, were it to adopt Defendants' reasoning and apply the Michigan No Fault statute in this case, the reasoning behind the statute would be eradicated. Here, Defendants request the Court to apply M.C.L.A. § 500.3135 to Plaintiffs who are not Michigan residents, and who are suing non-Michigan Defendants. To do so would, in the Court's opinion, be contrary to the language of the Michigan statute, and the policies behind it. Further, because the Court finds that the automobile insurance policy that covered Plaintiffs' rental car did not provide them with personal protection benefits, the Court holds that Plaintiffs' recovery in this case is not governed by the Michigan No Fault statute. For these reasons, the Court rules that M.C.L.A. § 500.3135 does not apply in this case.

It is so ordered.